WALTER L. MERCER, APPELLEE, v. WARD W. ARMSTRONG, APPELLANT.

FILED SEPTEMBER 20, 1915.    No. 18237.

1. Execution, Proceedings in Aid of. The provisions of sections 8117, 8118, Rev. St. 1913, apply to proceedings in garnishment after judgment and return of an execution *nulla bona.* The provisions of sections 8100 and 8101 do not apply to such a proceeding.

2. Appeal: FINDINGS OF FACT: REVIEW. In order to obtain a review of the findings of fact, the evidence must be preserved in a bill of exceptions.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Williams & Williams,* for appellant.

*G. J. Hunt, contra.*

BARNES, J.

This was a proceeding in garnishment after judgment. The trial court found that the judgment debtor was not

entitled to an exemption of all of the money in the hands of the garnishee, and ordered that so much thereof as was necessary to satisfy the judgment should be paid into court for that purpose. The judgment defendant has appealed.

The record which the appellant has brought to this court discloses that on the 9th day of November, 1912, judgment was rendered in the district court for Morrill county against Ward W. Armstrong and in favor of Walter L. Mercer for the sum of $273.35; that on the 16th day of November, 1912, an execution was issued to the sheriff of Morrill county; the appellant at that time having removed to and become a resident of Buffalo county, Nebraska. On the 16th day of November, 1912, the sheriff returned the execution unsatisfied for want of goods and chattels in his county whereon to levy. Thereafter, and on the same day, an affidavit in garnishment was filed in the office of the clerk of the district court for Morrill county against Mark Spanogle and the Bridgeport Bank, Spanogle being cashier of said bank. Notice to the garnishee was served upon Spanogle and the bank. On the 26th day of December, 1912, Spanogle answered that he held $500, the property of the judgment debtor, in his possession. On the 27th day of December, 1912, the clerk of the district court for Morrill county issued a notice of said garnishment proceeding to the judgment defendant and directed it to the sheriff of Buffalo county for service. The notice required the judgment debtor to appear and show cause why so much of the funds in the hands of the garnishee as might be necessary should not be ordered paid into court to satisfy the judgment and costs. The notice was returnable January 16, 1913, and was served on the appellant on the 3d day of January of that year. Afterwards, on the 11th day of January, the appellant filed his affidavit in the district court for Morrill county setting forth that he was a resident of Buffalo county, Nebraska, and was the head of a family; that he had neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state, and followed the same by an inventory of his property and a statement of the alleged incumbrances thereon.

On the 10th day of March, 1913, the case came on for hearing. Appellant objected to the jurisdiction of the court because no appraisement had been made of the property scheduled in his inventory. The court overruled the objection, witnesses were sworn and testified as to the property owned by the appellant and the value thereof, over appellant's objection. Thereafter, on the 31st day of March, the court made an order finding "that defendant is not entitled to hold as exempt all of the funds in the hands of the garnishee," and ordered the garnishee to pay out of the money in his hands to the clerk of the court an amount sufficient to pay the judgment and costs, to all of which findings and order of the court the appellant excepted, and to reverse that order has prosecuted this appeal.

Appellant claims that, under the provisions of section 8100, Rev. St. 1913, when he filed his affidavit and inventory it was the duty of the officer holding the writ under which the levy had been made, to call appraisers and appraise the property scheduled, and thereby ascertain what, if any, part thereof was exempt, and in this case no such appraisement was made. Appellant contends that the court had no jurisdiction to take testimony of the value of claimant's interest in the property scheduled; that his findings and judgment based on such testimony are absolutely void; and cites sections 8100, 8101, Rev. St. 1913, in support of his claim.

We think the appellant's contention is not well founded. The record shows that the execution which had been issued to the sheriff of Morrill county had been returned unsatisfied. The sheriff's connection with that execution was therefore terminated. Later on the sheriff was called upon to serve process in the same proceeding, and the record discloses that the summons in garnishment was served upon Spanogle and the Bridgeport Bank; that summons was returned and the officer's duty was ended. Therefore it was evident that the sheriff of Morrill county could not be expected to appraise the property situated in Buffalo county. He would have no right or authority to go to that

county in the execution of any writ issued from the district court for Morrill county, and, as the officer to whom the writ was directed and by whom it was returned neither found nor levied upon any property in Morrill county, there was nothing for him to appraise. No writ was ever issued to the sheriff of Buffalo county, and, as the property described in appellant's affidavit was never levied upon by any one, there was nothing to appraise in that county. It follows that the statute relied upon by the appellant is inapplicable to the proceedings involved in this appeal.

Section 8117, Rev. St. 1913, provides, in substance, that after the issuance and return of an execution against the property of the judgment debtor, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person has property of the judgment debtor or is indebted to him, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time and place and answer concerning the same. The judge may also, in his discretion, require notice of such proceeding to be given to any party to the action in such manner as may seem to him proper. Section 8118 provides, in substance, that witnesses may be required, upon the order of the judge, or by subpœna issued by the clerk of the district court, to appear and testify upon any proceeding under the chapter in which these sections are found, in the same manner as upon the trial of an issue. See, also, sections 8119–8128, Rev. St. 1913.

The record here discloses that the order was served upon the appellant as prescribed by the court. A time was designated in the notice for the defendant to appear, and the orders subsequently entered show that the parties appeared and testified. The appellant, however, relied upon the provisions of sections 8099, 8100, 8101, Rev. St. 1913, and failed to bring a bill of exceptions to this court setting forth the testimony taken upon the hearing before the district court for Morrill county. It seems clear that the court had jurisdiction of the parties and the subject matter in controversy, and, his judgment being founded

upon a question of fact to be determined by the evidence, it follows that, without a bill of exceptions, it must be presumed that the judgment of the district court was supported by the evidence.

The judgment is therefore

AFFIRMED.

HAMER, J., not sitting.