WILCOX & COMPANY, APPELLEE, v. HENRY DEINES, APPELLANT: BANK OF BAYARD, INTERVENER, ET AL., APPELLEES.

FILED MAY 2, 1930. No. 27150.

*T. F. Neighbors,* for appellant.

*Morrow & Morrow, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

EBERLY, J.

Plaintiff brought this suit in equity to reach certain funds held by the clerk of the district court for Morrill county as the property of Henry Deines for the Bank of Bayard "as their interests might appear, and to have said

funds paid by the clerk of said court to the plaintiff to apply on a judgment which plaintiff had obtained against the defendant Deines." There was a trial to the court, judgment for the plaintiff Wilcox & Company, and from which an appeal is prosecuted by the defendant Deines and the intervener, Bank of Bayard.

The parties in their briefs unite in stating the question presented to the court by the record as: "There is really only one question to be determined by this court: Whether the contract between E. R. Vanatta, in behalf of the bank, on the one hand, and Henry Deines, on the other, was in fact or in law a chattel mortgage, void as to creditors unless filed in the office of the county clerk of Morrill county." It appears that the following facts are agreed upon by all parties to the suit: That Henry Deines during the crop season of 1927 farmed the northeast quarter of section 26, township 21 north, range 51 west of the sixth P. M., in Morrill county, Nebraska, and planted 85 acres of the said land to sugar beets; that about March 1, 1927, the de-fendant Henry Deines was indebted to the Bank of Bayard in the sum of approximately $12,000; that the defendant E. R. Vanatta, who was the cashier of the Bank of Bayard, for and on behalf of said bank, personally entered into an oral contract with said Henry Deines, whereby it was verbally agreed that said Henry Deines would farm said described land owned by said Bank of Bayard during the crop season of 1927 and plant thereon 85 acres of beets, and that said Deines was to care for, cultivate and harvest said beets; that said Bank of Bayard at the time of entering into said contract was the owner of said premises and should retain the ownership of said beets grown on said land, and that E. R. Vanatta would officially enter into a contract with the Great Western Sugar Company for the growing and sale of said beets, and that said bank should advance sufficient money to cover the cost and expense of growing and cultivating said beets; that said bank should receive one-fifth of the growth of said crop, and that the balance of said crop was to be applied, first, on advance-

ments made by the bank to said Henry Deines in the growing and harvesting of said crops, and that the balance remaining from the proceeds of the crop, after deducting the expense and one-fifth of said beets, should be applied on the indebtedness of said Deines to said bank; and that E. R. Vanatta, for and on behalf of said bank, entered into a contract with the Great Western Sugar Company for the sale of all beets grown on said premises, and also entered into a labor contract for hand labor required to properly care for said beets while growing on said premises, and advanced the necessary expense for cultivating and harvesting said crop; that this was done, the advancements totaling $7,245.60; that the total proceeds from the sale of the beets grown on the farm for 1927 amounted in all to $10,163.12; payments were made by said Great Western Sugar Company each month for the beets delivered during the preceding month, and when said payments were received by the Bank of Bayard it placed to its credit onefifth of said amount and credited the balance on the amount advanced to Deines for the growing of said crop and the balance remaining, if any, upon his indebtedness to said bank; that on or about the 8th day of November, 1927, an action was begun in the district court for Morrill county, Nebraska, by Diers Brothers & Company against Henry Deines, E. R. Vanatta, Great Western Sugar Company, et al., to reach the proceeds of the sale of said beets in satisfaction of a judgment which said Diers Brothers & Company had obtained against said Henry Deines in said case. Pursuant to a stipulation of the parties to that action the court released all sums of money then owing by said sugar company for beets delivered under this contract, except the sum of $2,000, and the excess over $2,000 was paid to the Bank of Bayard and Henry Deines, one-fifth of which was taken by the Bank of Bayard for the use of the land and the balance credited on the Deines indebtedness; that, of the $2,000 remaining in court, the court ordered that the sum of $418.75 be paid to the Bayard Motor Company in satisfaction of a lien which it claimed or had upon said

crop, and the sum of $1,116.46 be paid to Diers Brothers & Company in satisfaction of its judgment against Henry Deines, and the sum of $61.25 be paid on costs of that action, and the balance of $403.54, the amount involved in this action, was ordered paid to the defendant Henry Deines or the Bank of Bayard as their interests appeared. It is disclosed by the record that all sums advanced under this contract by the Bank of Bayard were upon promissory notes in writing, in usual form, executed by Henry Deines. The plaintiff and appellee in this case commenced an action in the county court of Morrill county against the defendant and appellant, Henry Deines, on the 8th day of November, 1927, and issued an order of attachment and garnishment against the Great Western Sugar Company. The order of attachment was levied on the silo of beets. The Great Western Sugar Company answered that it was not indebted to the defendant Henry Deines; and, thereafter, while the proceedings were still going on, Henry Deines hauled off the silo of beets that had been levied on under the attachment and sold the same to the Great Western Sugar Company, and it fairly appears from the record that the proceeds of the beets thus sold appear in the case before us. It appears in the evidence that defendant Deines had, prior to the commencement of these actions, treated the beets as his own property; that he had mortgaged the crop to the Bayard Motor Company, and that he had claimed to be the actual owner thereof to witnesses who testified in this case. The evidence on behalf of the bank of Bayard, in substance, admits that at least one of the purposes of the contract was to secure the indebtedness of Henry Deines to that institution which existed prior to March 1, 1927, the date upon which the verbal contract was made and entered into by Deines and the Bank of Bayard. The district court held that "said contract is in truth and in fact a chattel mortgage, (and, not being filed of record), that said contract was void as to purchasers in good faith and attaching creditors and was void as to the plaintiff herein, and that the plaintiff herein secured a lien on said

sum of money by reason of the attachment and garnishment proceedings issued out of the county court of Morrill county on the 8th day of November, 1927, and has now a valid and subsisting lien on said $403.54 for the payment of its said judgment obtained in the county court of Morrill county, Nebraska;" and an appropriate judgment was rendered consistent with the findings of fact thus made.

The case turns on whether the contract between the Bank of Bayard and Vanatta and Deines was a chattel mortgage and void as such as to the prevailing parties because not recorded prior to the attachment levy. Indeed, the matter to be determined is whether Deines is to be considered as a lessee or a cropper. This court is committed to the doctrine that a tenant is one who rents the land and pays for it either in money or part of the crops or an equivalent. A cropper farms the land and is paid for his labor or work in part of the crops. In one case the tenant pays for the use of the land with a part of the crops, in the other the crops belong to the owner of the land and he pays for the labor or cultivating with a part of the crop. It is to be remembered in the instant case that for all moneys advanced by the bank Deines gave his promissory notes. Deines also mortgaged the crop, and it is admitted that by the terms of the contract in question the debt of $12,000 owned by the bank and against Deines was to be secured by the crop of sugar beets thus raised. All these facts point to the conclusion that what was really in the mind of the parties was the creation of a security for the benefit of the bank, and this fact is at least partially admitted by Vanatta in his testimony given on the trial of the case; but it is to be observed that this agreement was made on the first day of March, 1927, and in the course of nature prior to the time of planting the crop. We are committed to the doctrine that a clause in a lease attempting to create a lien on future crops not then planted to be raised on leased premises is ineffectual to create either a legal or equitable lien on such crops. *Thostesen v. Doxsee,* 78 Neb. 40; *Brown v. Neilson,* 61 Neb. 765. And it further

appears that the attachment in the case was levied on beets prior to any change of actual possession as between Deines, the Bank of Bayard, or Vanatta.

It is quite plain that the principles announced in the case of *Skala v. Michael*, 109 Neb. 305, are wholly inapplicable to the situation presented by the present record. On the other hand, so far as the actual relation of the parties is concerned, there are no facts in the record which would justify or call for the application of the principles announced in *Robinson Seed Company v. Hamilton*, 87 Neb. 76, wherein the court held: "One who grows for and agrees to deliver a certain crop to the owner or possessor of real estate for an agreed price per hundred pounds, under a written contract by which it is expressly provided 'that nothing herein contained shall be construed to make the instrument a lease of the premises between the parties hereto, or divest the owner of his title to the crop,' is a mere cropper, and acquires no title to any portion of the crop, and cannot sell or mortgage the same or any part of it, without the consent of the owner." While the question presented by the record is one not without difficulty, considering all the facts set forth therein, we are constrained to the view that it establishes an oral lease between the representative of the Bank of Bayard and Deines; that the reservation of the title provided for was in truth and in fact intended for security only, and that the real relation of the parties was landlord and tenant, and that the rights of the attaching creditor under an attachment levied prior to the taking of actual possession by the lessor created a superior lien to the claims of the Bank of Bayard.

We have not overlooked the claim of appellant Deines that the money in suit is the proceeds of exempt property and therefore is not subject to attachment. It is to be remembered, however, that the amount here involved is but a portion of a sum of more than $10,000, and while it is true that, with the permission of the defendant Deines, that amount had been applied to various indebtedness, still

the facts fall within the doctrine announced in the case of *Kilpatrick-Koch Dry Goods Co. v. Callender,* 34 Neb. 727. The true rule is that whether property in the hands of a garnishee is exempt or not is to be determined as of the date of the garnishee summons. *Kilpatrick-Koch Dry Goods Co. v. Callender, supra.* As thus applied the claim of exemptions cannot be sustained.

It therefore follows that the district court in its determination of the case was right and its judgment in the premises is

AFFIRMED.