IN RE ESTATE OF HAZEL L. REED, DECEASED.
COUNTY OF LANCASTER, NEBRASKA, APPELLANT,
V. JACQUELINE L. LEONARD, APPELLEE.
715 N.W.2d 496

Filed June 2, 2006.    No. S-05-032.

Gary E. Lacey, Lancaster County Attorney, and Michael E. Thew for appellant.

Thomas M. Davies, of Mattson, Ricketts, Davies, Stewart & Calkins, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

HANNON, Judge, Retired.
## NATURE OF CASE
The probate of Hazel L. Reed's estate was commenced more than 10 years after her death. During probate of the estate, the county court determined that no inheritance tax was due, holding the action was barred by Neb. Rev. Stat. § 77-2037 (Reissue 2003), which provides, inter alia, that the lien of the inheritance tax shall cease 10 years from the death of the decedent unless a determination of the tax has been made by that time. The appellant, Lancaster County, argues that notwithstanding § 77-2037, Neb. Rev. Stat. § 77-2003 (Reissue 2003) provides that the recipient of property subject to inheritance tax shall be liable for the tax and that there is no time limitation on the collection of such tax. For the reasons set forth below, we conclude the appellant is correct. We therefore reverse the judgment and remand the cause with directions.

## FACTS
Reed died on August 17, 1992. An application for informal probate of her will and appointment of a personal representative

was not filed until November 7, 2002. Jacqueline L. Leonard, who is Reed's daughter, the sole devisee, and the appellee herein, was appointed personal representative. The institution of probate proceedings was delayed because the appellee did not believe Reed owned any property requiring probate. However, in approximately November 2002, the appellee learned that Reed had a safe-deposit box which contained stocks, bonds, certificates of deposit, and other miscellaneous property with a total value of $217,467.33.

On March 4, 2004, the appellee filed a petition to determine inheritance tax. The petition asserted that the lien of the inheritance tax and the right to maintain any action for the assessment or collection of such tax had ceased under § 77-2037. On December 6, the county court entered an order concluding that no tax was due upon the assets of the estate because more than 10 years had elapsed since Reed's death; no action had been maintained for the determination, assignment, or collection of the tax; and the lien for inheritance tax and right to maintain any action for the assessment or collection of the tax had ceased.

## STANDARD OF REVIEW

■■■ The scope of review in an appeal of an inheritance tax determination is review for error appearing on the record. *In re Estate of Kite*, 260 Neb. 135, 615 N.W.2d 481 (2000). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *In re Estate of Lamplaugh*, 270 Neb. 941, 708 N.W.2d 645 (2006).

■■■ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *White v. White, ante* p. 43, 709 N.W.2d 325 (2006).

## ASSIGNMENT OF ERROR

The appellant assigns as error the county court's finding that § 77-2037 operated to relieve the appellee of the obligation to pay inheritance tax on the property she received from Reed's estate.

ANALYSIS

The procedure for collecting inheritance tax is provided for in Neb. Rev. Stat. §§ 77-2001 to 77-2040 (Reissue 2003). Section 77-2003 provides:

The tax imposed upon transfers under sections 77-2001 and 77-2002 shall be paid to the treasurer of the proper county and all heirs, legatees and devisees, personal representatives, other recipients of property subject to tax, and trustees *shall be liable for any and all such taxes until the same shall have been paid* as hereinafter directed. *This tax shall be a lien on the real property subject thereto until paid or otherwise terminated pursuant to section 77-2037*, except that no interest in any property passing from the decedent to the decedent's surviving spouse shall be subject to the lien.

(Emphasis supplied.)

Section 77-2037 provides:

Regardless of any defect in the proceedings in which such inheritance tax was determined, or the jurisdiction of the court to make such determination, *the lien of the inheritance tax shall cease upon the first to occur of:* (1) *Ten years from the date of death of a decedent and no action shall be maintained for the determination*, assessment or collection of such tax, unless a determination of the amount of such tax by the court having jurisdiction thereof shall have been made within such ten-year period, in which case such lien and *the right to maintain any action for the assessment or collection of any tax shall cease five years after such determination* or upon payment of such tax, whichever first occurs; (2) the payment of the amount of inheritance tax finally determined by the county court to be due with respect to property described in such proceedings; or (3) the release or discharge of any lien pursuant to section 77-2039.

(Emphasis supplied.)

Section 77-2010 provides that inheritance tax is due and payable 12 months after the date of death, with interest as specified in Neb. Rev. Stat. § 45-104.01 (Reissue 2004) at such rate as may be from time to time adjusted by the Legislature. The current interest rate for delinquent taxes is 14 percent. *Id.*

Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Estate of Lamplaugh, supra.* Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme, giving effect to every provision. *Curran v. Buser, ante* p. 332, 711 N.W.2d 562 (2006). In determining the meaning of a statute, an appellate court may conjunctively consider and construe a collection of statutes which pertain to a certain subject matter to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. *Budler v. General Motors Corp.*, 268 Neb. 998, 689 N.W.2d 847 (2004).

With these standards in mind, we conclude § 77-2003 provides that personal representatives and recipients of property are liable for the payment of inheritance tax on transfers upon death and that there is a lien on the real property subject to the tax until it is paid or terminated by § 77-2039.

The appellee neither cites nor discusses § 77-2003, but relies solely upon her suggested interpretation of § 77-2037, which she supports by citation to the legislative history and to the holdings of courts in other states, which courts we conclude either do not have or did not consider statutes similar to § 77-2003.

Our understanding is that the appellee bases her argument on two phrases in § 77-2037. For clarity, we have emphasized below the portions of § 77-2037 that appear to be causing confusion:

[T]he lien of the inheritance tax shall cease upon the first to occur of: (1) Ten years from the date of death of a decedent and *no action shall be maintained for the determination, assessment or collection of such tax,* unless a determination of the amount of such tax by the court having jurisdiction thereof shall have been made within such ten-year period, in which case such lien and *the right to maintain any action for the assessment or collection of any tax shall cease five years after such determination* or upon payment of such tax, whichever first occurs . . . .

(Emphasis supplied.) Section 77-2037 goes on to provide for a second and third occurrence which would also cause the lien to

cease. We admit that the wording of the statute specifying the first of the three occurrences may be misleading and redundant to a degree. However, we determine § 77-2037 provides, inter alia, that an inheritance tax lien ceases 10 years from the date of death if no proceeding is started within that 10-year period.

On first reading, and out of context, the phrases "no action shall be maintained for the determination" and "the right to maintain any action for the assessment" might be interpreted as limitations on any action after 10 years from death. See § 77-2037. However, the first phrase states the situation in which an inheritance action had not been commenced, and the second phrase prohibits enforcement of the lien more than 5 years after the determination of the tax due. This phrase also prohibits the assessment and collection of taxes, but by its terms, it prohibits assessment and collection only if there has been a determination, which has not occurred in this case. It is important to recognize that both phrases are part of a clause which clearly defines them as one of three occurrences which cause the lien to cease. Section 77-2037 does not relate to the inheritance tax liability of personal representatives or recipients of property.

We recognize there are statutes in other states which by their terms provide that inheritance tax cannot be collected if the inheritance tax is not determined or collected within a specified time. Among other examples, the appellee cites *In Re Batt's Estate*, 220 Ind. 193, 196, 41 N.E.2d 365, 366 (1942), as favoring her interpretation, but in that case, the statute provided that after a certain time lapse, " 'it shall be conclusively presumed that no inheritance tax is due.' " One of the many predecessors of § 77-2037 also provided that all inheritance tax should be sued for within 5 years of the decedent's death or it "shall be presumed to be paid and cease to be a lien and no action shall be maintained thereafter for the enforcement of said tax." See Neb. Rev. Stat. § 77-2220 Comp. Stat. (1929). That language was replaced many years ago.

We note that Neb. Rev. Stat. § 25-218 (Reissue 1995) applies various limitation periods to every claim or demand on behalf of the state "except for revenue, or upon official bonds, or for loans or money belonging to the school funds, or loans of school or other trust funds, or to lands or interest in lands thereto

belonging." We can find no other statute of limitation that might apply to inheritance tax.

## CONCLUSION

We conclude that the inheritance tax due by reason of the death of Reed is not barred by any limitation period, and we therefore reverse the judgment and remand the cause for a determination of the amount of inheritance tax due.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., not participating.