ARL Credit Services, Inc., a Nebraska corporation, appellee,
v. Ashley Piper, also known as Ashley Pace, appellant.

736 N.W.2d 771

Filed July 24, 2007.    No. A-06-090.

Glenn A. Rodehorst for appellant.

Melanie A. Knoepfle, of Knoepfle Law Office, P.C., and Mark Quandahl for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

In this appeal, we consider whether a judgment debtor may assert the in-lieu-of-homestead exemption, provided by Neb. Rev. Stat. § 25-1552 (Cum. Supp. 2006), in response to a garnishment summons against the judgment debtor's bank account. Because such exemption is authorized by statute and supported in case law and long-established practice, we reverse the judgments of the courts below and remand the cause for further proceedings in conformity with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 1997, in the county court for Platte County, ARL Credit Services, Inc. (ARL), obtained a judgment of $5,687.99 plus interest against Ashley Piper, also known as Ashley Pace (Piper).

On or about April 8, 2005, ARL prepared an "Affidavit and Praecipe for Summons in Garnishment (in Aid of Execution)" in the county court for Nance County, naming a bank as the garnishee. The affidavit alleged that Piper owed $5,913.37, that the sum owed was based upon a judgment which was not for the support of a person, and that the judgment debtor was not the head of the family. On April 15, the county court issued a "Summons and Order of Garnishment and Interrogatories" to the bank and Piper, setting forth the sum of $5,913.37, the amount owed by Piper.

On April 20, 2005, ARL sent to the garnishee bank and to Piper as the judgment debtor copies of the "Summons and Order of Garnishment, Interrogatories, and Notice to Judgment Debtor" via certified mail. ARL requested a return receipt on the certified mail service to the bank. The notice to judgment debtor stated that the enclosed summons and order of garnishment had been issued by the court at the request of the person who had a judgment against Piper and that if Piper believed the court should not allow a garnishment, then Piper needed to complete the request for hearing form and file it with the court within 3 business days of receiving the notice. ARL did not request,

nor does the record contain, any return receipt for the mailing directed to Piper. Thus, the record does not show that Piper actually received the copies mailed to her. Piper did not file any response until May 5, which filing we describe below.

On April 21, 2005, the bank signed the certified mail receipt. The bank answered the interrogatories, indicating that it had property belonging to the judgment debtor, Piper, in the form of a checking account in the amount of $1,210.76. Upon receipt of the answers to the interrogatories, ARL filed an "Application and Order to Deliver Non-Exempt Funds" to be served upon the bank. On May 3, the county court ordered that the nonexempt funds withheld by the bank in the amount of $1,210.76 be transferred to the court for payment to ARL.

On May 5, 2005, Piper filed an affidavit and election of exemption as well as a motion to quash the summons and revoke the order to the bank. Piper stated that she was the parent of two children, that she was the head of the household as defined in Neb. Rev. Stat. § 25-1558 (Cum. Supp. 2006), and that she was claiming the exemptions provided in § 25-1552 and Neb. Rev. Stat. § 25-1553 (Cum. Supp. 2006).

On May 17, 2005, a hearing was held addressing Piper's motion to quash the summons and revoke the order to the bank. The county court took the matter under advisement. On June 21, the county court filed its order overruling the motion. The county court found: "The garnishment was properly issued with regards to the non-exempt funds withheld by the [bank] in the amount of $1,210.76 on behalf of [Piper], and the garnishment shall proceed in accordance with the Order to Deliver which was previously signed by this Court on May 3, 2005."

Piper appealed to the district court for Nance County and subsequently filed her statement of errors, alleging that the county court for Nance County failed to allow her the right to the exemption as provided by Neb. Rev. Stat. § 25-1556 (Cum. Supp. 2006) and "did not utilize such exemption to prohibit the 'garnishment' of [Piper's] funds that were in the [bank] and failed to order the return of such funds to [Piper]." Piper also filed a brief with the district court, which brief sets forth both her assertion that she was entitled to the exemption provided by § 25-1552 and her supporting argument. At oral argument

on the appeal to the district court, ARL's counsel responded to Piper's argument concerning § 25-1552, arguing that a bank garnishment is not a forced sale or an execution and that the exemption provided by § 25-1552 does not apply to a bank garnishment.

On December 22, 2005, the district court affirmed the county court's order. The district court found that Piper "was not entitled to the exemptions claimed by her in this garnishment action." The district court further found that "[s]uch exemptions are available in other types of actions, but not in third-party garnishment proceedings." Piper now appeals to this court.

## ASSIGNMENTS OF ERROR

Piper asserts, restated, that both courts erred in failing to allow Piper the right to claim an exemption of $2,500 as head of the family, provided by § 25-1552, and in failing to utilize such exemption to prohibit the garnishment of Piper's funds in the bank.

## STANDARD OF REVIEW

■ Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

## ANALYSIS

■ Garnishment in aid of execution is a legal remedy unknown at common law and strictly governed by statute. *Id.* Generally, in cases where a court enters judgment in favor of a creditor, the judgment creditor may, as garnishor, request that the court issue a summons of garnishment against any person or business owing money to the judgment debtor. *Id.* See, also, Neb. Rev. Stat. §§ 25-1011 (Reissue 1995) and 25-1056 (Cum. Supp. 2006).

Piper has not alleged that the courts below were incorrect in determining that she is indebted to ARL. The only issue before

this court is whether, in this garnishment proceeding, Piper is entitled to claim the exemption provided under § 25-1552 to debtors.

Section 25-1552 provides for the civil procedure for exemptions in execution proceedings, as follows:

> Each natural person residing in this state shall have exempt from forced sale on execution the sum of two thousand five hundred dollars in personal property, except wages. The provisions of this section do not apply to the exemption of wages, that subject being fully provided for by section 25-1558. In proceedings involving a writ of execution, the exemption from execution under this section shall be claimed in the manner provided by section 25-1516. The debtor desiring to claim an exemption from execution under this section shall, at the time the request for hearing is filed, file a list of the whole of the property owned by the debtor and an indication of the items of property which he or she claims to be exempt from execution pursuant to this section and section 25-1556, along with a value for each item listed. The debtor or his or her authorized agent may select from the list an amount of property not exceeding the value exempt from execution under this section according to the debtor's valuation or the court's valuation if the debtor's valuation is challenged by a creditor.

ARL argues that the personal property exemption under § 25-1552 applies only to a "forced sale on execution" and cannot be claimed in response to a garnishment in aid of execution. We disagree. ARL's argument is not supported by the plain language of the applicable statutes, the case law, and the common understanding of the statutes over many years.

The language of § 25-1552, even viewed in isolation, suggests that ARL's interpretation is too narrow. Its interpretation would render wholly superfluous the first clause of the third sentence of § 25-1552—"*In proceedings involving a writ of execution*, the exemption from execution under this section shall be claimed in the manner provided by section 25-1516." (Emphasis supplied.) If the exemption applies only to a "forced sale on execution," there could never be a proceeding in which

an exemption could be claimed other than one "involving a writ of execution." In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *State v. Buckman*, 267 Neb. 505, 675 N.W.2d 372 (2004). This clause instead suggests, as we explain below, that there are other proceedings in which the exemption may be asserted. But we do not confine our analysis to § 25-1552, and we now turn to the other applicable statutes.

■ Section 25-1056 authorizes garnishments in aid of execution and, by incorporating other statutes, expressly authorizes assertion in garnishment proceedings of exemptions applicable to executions. Section 25-1056(1) states in part: "Thereafter, the service of the summons and interrogatories and *all further proceedings shall be in all respects the same as is provided for in sections 25-1011 and 25-1026 to 25-1031.01* unless inconsistent with this section." (Emphasis supplied.)

Among the statutes thereby incorporated into the procedures governing garnishments in aid of execution is Neb. Rev. Stat. § 25-1030.03 (Reissue 1995), which states in pertinent part:

> *The defendant in the original action may by a suitable pleading filed in the garnishment proceedings set up facts showing that the debt or the property with which it is sought to charge the garnishee is (1) exempt from execution*, or (2) for any other reason is not liable for plaintiff's claim. If issue . . . on such pleading by the defendant in the original action is joined by the plaintiff, it shall be tried with the issues as to the garnishee's liability. If such debt or property or any part thereof . . . is found to be exempt or not liable, the garnishee shall be discharged as to that part which is exempt or not liable.

(Emphasis supplied.) Thus, the plain language of the statute expressly contemplates that an exemption from execution may be asserted in a garnishment proceeding.

Longstanding Nebraska case law supports the interpretation that exemptions from executions also apply to garnishments. In *Mercer v. Armstrong*, 98 Neb. 645, 154 N.W. 219 (1915), the judgment debtor attempted to assert the exemption now codified in § 25-1552 in response to a garnishment of a bank account.

The trial court overruled the judgment debtor's jurisdictional objection to an evidentiary hearing, which the judgment debtor claimed could not be held in the absence of an appraisement. After the evidentiary hearing, the trial court made a factual finding that the judgment debtor was "'not entitled to hold as exempt all of the funds in the hands of the garnishee.'" 98 Neb. at 647, 154 N.W. at 219. The judgment debtor appealed, and the Nebraska Supreme Court affirmed, not because exemptions from execution do not apply in garnishment proceedings, but, rather, because the debtor failed to provide a bill of exceptions. Thus, as early as 1915, the Nebraska Supreme Court inferentially considered the exemption now codified at § 25-1552 as applicable in a garnishment of a bank account.

That interpretation is reinforced by the decision in *Scottsbluff Nat. Bank v. Pfeifer*, 126 Neb. 852, 254 N.W. 494 (1934), where once again a judgment debtor asserted the exemption now codified at § 25-1552 against a garnishment of a bank account. Although the Nebraska Supreme Court ultimately held that the judgment debtor asserted the exemption too late and that the application for exemption failed to state sufficient facts, the language of the opinion clearly contradicts ARL's interpretation. The court stated: "'Whether property in the hands of a garnishee is exempt or not is to be determined as of the date of the service of the garnishee summons.'" 126 Neb. at 854, 254 N.W. at 495, quoting *Wilcox & Co. v. Deines*, 119 Neb. 692, 230 N.W. 682 (1930). The court also explained:

> This action, so far as garnishment proceedings are concerned, is a proceeding in rem. From the date of the service of the garnishee summons the fund involved in the proceedings was placed in custodia legis. While the property stood in that condition a judgment was rendered adjudicating the ownership of the property and the disposition to be made of it. The [judgment debtor] was a party to the record. The claim made for exemptions after entry of that judgment might have been made before the judgment was rendered. After the judgment in rem against him, it is too late for a party to the record to assert a claim for exemptions which might have been made on the trial and determined by the judgment.

> While we have a statutory provision . . . providing that claim for exemptions may be made at any time before sale, that section can have no application in a garnishment proceeding where there is no sale of the property involved. It would seem that the rule in such case is that claim for exemption should be made within a reasonable time. The effect of the judgment entered was to put the parties in the same position they would have been had the sheriff made a sale of the attached property, paid the proceeds to the clerk of court, and the court had ordered them paid to the creditor. Where the [judgment debtor] has notice, as he had in this case, he should avail himself of the privilege of setting up every claim or demand he has to the property, to the end that the court may not enter an improvident judgment.

*Id.* at 854-55, 254 N.W. at 495 (emphasis omitted). Clearly, the court recognized that an exemption under the statutory provision now codified at § 25-1552 could properly be asserted against a garnishment of a bank account.

In another case involving a garnishment, *Live Stock Nat. Bank v. Jackson*, 137 Neb. 161, 288 N.W. 515 (1939), the Nebraska Supreme Court again implicitly recognized that garnishments in aid of execution, other than those involving wages, are subject to the exemption now codified at § 25-1552. The court observed that the Legislature had in mind two types of remedial process for enforcing collection of judgments. The court stated that the Legislature elected to "treat the subject of exemption of wages as separate and distinct from proceedings in aid of execution." 137 Neb. at 167, 288 N.W. at 518. The court also cited an earlier case in which the judgment debtor had attempted to assert the general exemption of personal property in a garnishment of wages. The reasoning shows that the exemption was denied because the statute then, as now, treated exemption of wages separately from the general exemptions applicable to other garnishments.

Not only does the case law support assertion of an exemption in a garnishment proceeding, the general understanding of the law by skilled practitioners comports with that interpretation. Referring to *Mercer v. Armstrong*, 98 Neb. 645, 154 N.W. 219

(1915), Louis Lightner's classic treatise noted that "in garnishment proceedings and in proceedings in aid of execution the defendant should claim his [or her] exemption . . . . A pleading should be filed in such proceedings setting up the debtor's claim to exemptions." 3 Louis Lightner, Nebraska Forms Annotated § 3491 at 221 (1951). Lightner's treatise prescribed a form for an "Answer of Defendant to Garnishee Summons Claiming Property Exempt." 1 Lightner, *supra*, § 1446 at 492. The specified form parenthetically referred to Neb. Rev. Stat. § 25-1553 (1943), which then specified the procedure for claiming the exemption now codified in § 25-1552. Later statutory amendments consolidated into § 25-1552 the procedure from the former § 25-1553. Lightner's form demonstrates a clear understanding that the exemption of § 25-1552 could properly be asserted in a garnishment proceeding.

The same understanding is demonstrated in the later classic work by Winsor C. Moore, then a professor of law at Creighton University, who initially undertook to provide supplements to the Lightner treatise and later published his own multivolume series. Moore asserts that "exemption laws should be construed liberally in favor of persons within their purview so as to effectuate their beneficient [sic] purposes." 5 Winsor C. Moore, Nebraska Practice § 3693c at 327 (1966). Moore provides a form for "Claim of Exemption in Lieu of Homestead" under § 25-1552. 5 Moore, *supra*, § 3695 at 329-30. Moore notes that under § 25-1030.03,

> [t]he defendant in the original action may by a suitable pleading filed in the garnishment proceedings set up facts showing that the debt or the property with which it is sought to charge the garnishee is (1) exempt from execution or (2) for any other reason is not liable for plaintiff's claim. . . . If the debt or property or any part thereof . . . is found to be exempt or not liable, the garnishee will be discharged as to that part which is exempt or not liable.

2 Winsor C. Moore, Nebraska Practice § 1509 at 395 (1964). Moore also prescribes adding the following language to the garnishee interrogatories: "'State whether . . . the judgment debtor is the head of a family, or if there is any other fact touching on his exemptions.'" *Id.*, § 1514 at 397. While the learned treatises are not binding

precedent, they elucidate the understanding of practitioners in the area of law regarding the applicability of exemptions in garnishment proceedings—particularly the exemption in lieu of homestead provided by § 25-1552, which exemption is at issue in the case before us.

Several principles of statutory construction underlie our interpretation. First, in construing a statute, a court must look to the statutory objective to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served. *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002). Similarly, a court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat that purpose. *Pepitone v. Winn*, 272 Neb. 443, 722 N.W.2d 710 (2006). Clearly, the purpose of § 25-1552 is to provide some reasonably equivalent personal property for judgment debtors having no lands or homestead and to allow such debtors to retain some minimal amount of property.

Second, in determining the meaning of a statute, an appellate court may conjunctively consider and construe a collection of statutes which pertain to a certain subject matter to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. *In re Estate of Reed*, 271 Neb. 653, 715 N.W.2d 496 (2006). Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme, giving effect to every provision. *Id.* In our opinion, these principles require us to conjunctively read the statutes on exemptions together with the sections governing executions, attachments, garnishments, and other proceedings in aid of execution.

Finally, if possible, an appellate court will try to avoid a statutory construction which would lead to an absurd result. *Livengood v. Nebraska State Patrol Ret. Sys.*, 273 Neb. 247, 729 N.W.2d 55 (2007). In our opinion, these principles lead to the construction that exemptions may be asserted in garnishment proceedings, while ARL's interpretation would defeat the statutory purpose and lead to absurd results.

Imagine our judgment debtor, without lands or tenements, clutching her $1,210.76 in currency as she approaches the

teller's window of her bank. The sheriff lies in wait, holding both a writ of execution and a summons in garnishment. As the debtor extends her arm with the cash, the sheriff levies execution and seizes it. Under ARL's interpretation, the exemption would clearly apply to defeat the levy. However, if before any levy is made, our debtor hands the money to the teller for deposit to the debtor's account and the sheriff immediately serves the summons in garnishment, under ARL's interpretation, no exemption would be available to our debtor in the garnishment proceeding. ARL's interpretation would thereby lead to an absurd result.

The county court's finding, quoted above, suggests that the county court accepted ARL's argument that the exemptions claimed by Piper cannot apply to a garnishment. The district court, acting as an intermediate appellate court, expressly relied on this concept, stating: "Such exemptions are available in other types of actions, but not in third-party garnishment proceedings." Both the county court and the district court erred in this regard.

## CONCLUSION

Because it is not clear if Piper's claim of the exemptions was made before final judgment in the garnishment action, see *Scottsbluff Nat. Bank v. Pfeifer*, 126 Neb. 852, 254 N.W. 494 (1934), we reverse the judgment of the district court with instructions to reverse the judgment of the county court and remand the cause to that court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.