IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

LINCONE FEDERAL CREDIT UNION V. MOORE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LINCONE FEDERAL CREDIT UNION, APPELLEE AND CROSS-APPELLANT,

V.

SHAE M. MOORE, APPELLANT AND CROSS-APPELLEE.

Filed June 28, 2022.   Nos. A-21-693, A-21-694.

Appeal in case No. A-21-693 from the District Court for Adams County: STEPHEN R. ILLINGWORTH, Judge. Appeal in case No. A-21-694 from the District Court for Thayer County: VICKY L. JOHNSON, Judge. Judgment in No. A-21-693 affirmed in part as modified, and in part vacated. Judgment in No. A-21-694 affirmed.

Lea Wroblewski, of Legal Aid of Nebraska, for appellants.

Joel G. Lonowski and Gina M. Elliott, Senior Certified Law Student, of Morrow, Poppe, Watermeier & Lonowski, P.C., for appellees.

PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

In these consolidated appeals, Shae M. Moore appeals from the orders of the Adams County and Thayer County District Courts modifying their prior garnishment orders rather than vacating them after Moore's wages were garnished in excess of the statutory amount permitted. LincOne Federal Credit Union (LincOne) cross-appeals only from the Adams County District Court's order which modified both the Adams County and Thayer County District Courts' orders of garnishment as opposed to just its own. For the reasons set forth herein, we affirm as modified the Adams County District Court's order amending its garnishment orders but vacate that portion

of the order which relates to the amendment of the Thayer County District Court's prior orders. Additionally, we affirm the Thayer County District Court's order modifying its own prior orders.

## II. STATEMENT OF FACTS

In 2015, LincOne obtained a $7,064.44 default judgment against Moore for an unpaid loan. Thereafter, LincOne pursued garnishment orders in Thayer and Adams Counties against Moore in an effort to collect against the unpaid debt. LincOne's counsel submitted affidavits in both Thayer and Adams Counties in connection with the garnishment proceedings. In the affidavits, LincOne's counsel erroneously indicated that Moore was not the head of a family. Based on those affidavits, the Thayer County and Adams County District Courts both separately issued garnishment orders in 2019 and 2020 requiring Moore's employer to withhold 25 percent of Moore's wages rather than the maximum 15 percent if Moore was designated as head of a family. Moore never filed a formal objection with either court during the garnishment proceedings regarding that designation while her earnings were being garnished. However, in 2020, she brought the issue to the attention of LincOne's counsel. Thereafter, on August 7, 2020, the parties filed a joint stipulation that "[Moore] and [LincOne] have concluded that . . . Moore . . . is the head of the household." Despite the parties' joint stipulation, LincOne's counsel filed a new affidavit in December 2020 again designating Moore as not the head of a family for which the Adams County District Court again issued a garnishment order requiring Moore's employer to withhold 25 percent of Moore's disposable income.

In January 2021, Moore filed a suggestion in bankruptcy, and both the Adams County and Thayer County District Courts stayed the garnishment proceedings. Thereafter, in late April and May, Moore filed a notice of bankruptcy discharge and notice of closure of the bankruptcy case in both courts. Prior to discharge, Moore exempted her claim against LincOne as personal property and included the claim in her bankruptcy schedules. Moore requested an exemption because, during the pendency of that bankruptcy proceeding, Moore's bankruptcy counsel discovered the garnishment withholding errors due to the improper designation of Moore as not being the head of a family. As a result, Moore filed motions in both courts seeking to vacate the prior garnishment orders in their entirety. After the stay from the bankruptcy proceeding was lifted, hearings were held on Moore's motions to vacate.

During the hearings on the motions, LincOne's counsel acknowledged the error regarding Moore's designation and testified that the error was inadvertent and unintentional. Moore argued to the contrary alleging that the garnishment affidavits submitted by LincOne's counsel were fraudulent and made in bad faith. As a result of LincOne's undisputed errors, LincOne collected $65.36 more than it should have collected in Adams County had Moore been properly designated as head of a family. LincOne collected $165.96 more than it should have collected in Thayer County.

The district courts in both counties found that the errors were the product of LincOne's inadvertence and not the result of bad faith or fraud. However, the Adams County District Court ordered LincOne to refund the full $231.32 erroneously collected in both Adams and Thayer counties, while the Thayer County District Court ordered LincOne to refund only the $165.96 improperly collected in Thayer County and found that the Adams County District Court lacked

jurisdiction to enter an order governing the Thayer County District Court's garnishment proceedings.

Moore appeals from both orders and LincOne cross-appeals. We have consolidated these matters for purposes of disposition because the claims involve substantially similar facts and issues.

## III. ASSIGNMENTS OF ERROR

Moore's assignments of error relating to both the Adams County District Court and the Thayer County District Court orders, consolidated and restated, are that the courts erred in (1) failing to vacate the garnishment orders; (2) making or enforcing the garnishment orders, without authority to do so; and (3) modifying garnishment orders for a debt that had been discharged in bankruptcy.

LincOne cross-appeals only from the Adams County District Court's order and assigns that the Adams County District Court erred in awarding Moore the full $231.32 for errors occurring in both counties rather than ordering LincOne to reimburse Moore for the $65.36 erroneously garnished in Adams County only.

## IV. STANDARD OF REVIEW

Garnishment is a legal proceeding. *ARL Credit Servs. v. Piper*, 15 Neb. App. 811, 736 N.W.2d 771 (2007). To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *Id*.

An appellate court will reverse a decision on a motion to vacate or modify a judgment under the statutory grounds listed in Neb. Rev. Stat. § 25-2001 (Cum. Supp. 2020) only if the litigant shows that the district court abused its discretion. See *Nye v. Fire Group Partnership,* 263 Neb. 735, 642 N.W.2d 149 (2002). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id.*

## V. ANALYSIS

### 1. MOORE'S APPEAL

#### (a) § 25-2001(4)

In these consolidated appeals, Moore first contends that the district courts erred in failing to grant her motions to vacate the garnishment orders in their entirety. Moore acknowledges that, because her motions to vacate the garnishment orders were filed outside of the term in which the courts entered the orders, she must satisfy the provisions of § 25-2001(4) in order to prevail on her motions to vacate. Section 25-2001 provides, in relevant part:

> (4) A district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made (a) for . . . irregularity in obtaining a judgment or order; (b) for fraud practiced by the successful party in obtaining the judgment or order. . . .

More specifically, Moore assigns and argues that the district court erred in failing to vacate the prior garnishment orders because they were procured through fraudulent misrepresentation by LincOne's counsel.

> Under § 25-2001(4), to vacate a judgment or order after the term in which the judgment or order was made, the party seeking to vacate such judgment or order allegedly obtained through fraud practiced by the successful party must prove: (1) The judgment or order has been obtained or produced through fraud; (2) it is inequitable or against good conscience to enforce the judgment or order; (3) failure to secure a just decision is not the result of the vacating party's fault, neglect, or lack of diligence; and (4) the party seeking to vacate has exercised due diligence in discovering the fraud which resulted in the judgment or order in question.

*In re Estate of West*, 226 Neb. 813, 833-34, 415 N.W.2d 769, 783 (1987). Further, in *In re Estate of* West, the Nebraska Supreme Court also stated:

> To recover on a claim for fraud, [a plaintiff] must show (1) that a representation was made; (2) that the representation was false; (3) that, when made, the representation was known to be false, or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result.

*Id.* at 835, 415 N.W.2d at 784.

Neb. Rev. Stat. § 25-1558 (Reissue 2016), which governs wage garnishments, provides in relevant part:

> (1) Except as provided in subsection (2) of this section, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment shall not exceed the lesser of the following amounts:
> (a) Twenty-five percent of his or her disposable earnings for that week;
> (b) The amount by which his or her disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by 29 U.S.C. 206(a)(1) in effect at the time earnings are payable; or
> (c) Fifteen percent of his or her disposable earnings for that week, if the individual is a head of a family.
> (2) The restrictions of subsection (1) of this section shall not apply in the case of:
> (a) Any order of any court for the support of any persons;
> (b) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act; or
> (c) Any debt due for any state or federal tax.
> (3) No court shall make, execute, or enforce any order or process in violation of this section. The exemptions allowed in this section shall be granted to any person so entitled without any further proceedings.

There is no dispute between the parties that, under the terms of § 25-1558, Moore was the head of a family entitling LincOne to withhold only 15 percent of Moore's disposable earnings per week rather than the 25 percent actually withheld under the garnishment orders as entered. There

is also no dispute that the erroneous orders were entered by the district courts as a result of the affidavits submitted by LincOne's counsel who indicated at various times that Moore was not the head of a family. The only issue framed by the motions is whether LincOne's counsel knowingly or recklessly misrepresented Moore's status to the courts or whether the statements made were the product of inadvertence. In support of her claim, Moore testified that she participated in numerous debtor examinations with LincOne's counsel held telephonically or informally and that she indicated on those multiple occasions that she was the head of a family. She also pointed to numerous matters which she claimed should have brought the error to the attention of LincOne's counsel including the August 2020 joint stipulation, however, in December, LincOne's counsel again submitted an erroneous affidavit. LincOne's counsel, on the other hand, explained that his representations in the affidavits were simply the product of inadvertent mistakes and were not intentional.

After hearing testimony, the district courts in both counties determined that the errors committed by LincOne's counsel were the product of inadvertence and not the product of fraud or bad faith. As such, both courts denied Moore's motions to vacate the garnishment orders in their entirety, opting instead to modify the orders requiring LincOne to reimburse Moore for the balance of the funds improperly garnished.

An appellate court will reverse a decision on a motion to vacate or modify a judgment under the statutory grounds listed in § 25-2001 only if the litigant shows that the district court abused its discretion. *Nye v. Fire Group Partnership,* 263 Neb. 735, 642 N.W.2d 149 (2002). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015).

Garnishment is a legal proceeding, and to the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014). Further, where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Elstun v. Elstun*, 257 Neb. 820, 600 N.W.2d 835 (1999).

Applying those standards here, after reviewing the entirety of this record, we find that the district courts did not clearly err in finding that representations made by LincOne's counsel in his affidavits were the product of mere inadvertence and not fraud. As such, we hold that the district courts did not abuse their discretion in failing to vacate the applicable garnishment orders in their entirety under the terms of § 25-2001(4). This assignment of error fails.

### (b) Garnishment Orders Were Unenforceable or Void

Moore next assigns that the courts erred in failing to set aside the garnishment orders because the orders issued were either unenforceable or void. In furtherance of those positions, Moore cites to Neb. Rev. Stat. § 25-824 (Reissue 2016) and § 25-1558. We will address those arguments separately.

Moore first argues that in order to obtain the garnishment orders, LincOne's counsel filed affidavits with the court; that those affidavits constituted pleadings in the garnishment

proceedings; that pleadings issued in bad faith are required to be stricken; and that once the pleadings are stricken, the orders issued pursuant thereto should be vacated as unenforceable or void.

Section 25-824 provides in relevant part:

(1) A pleading shall not be used against a party in any criminal prosecution or action or proceeding for a penalty or forfeiture as proof of a fact admitted or alleged in such pleading. If a pleading is frivolous or made in bad faith, it may be stricken. The signature of a party or of an attorney on a pleading constitutes a certificate by him or her that he or she has read the pleading; that to the best of his or her knowledge, information, and belief there is good ground for the filing of the pleading; and that it is not interposed for delay.

(2) Except as provided in subsections (5) and (6) of this section, in any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

The plain language of this statute allows the court to strike a pleading that is frivolous or made in bad faith. Further, as the Nebraska Supreme Court held in *State of Florida v. Countrywide Truck Ins. Agency*, 294 Neb. 400, 401, 883 N.W.2d 69, 70 (2016):

Neb. Rev. Stat. § 25-824 (Reissue 2008) authorizes district courts to assess attorney fees against an attorney who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith. Like Fed. R. Civ. P. 11, an award of attorney fees under § 25-824 does not adjudicate the merits of the case. Rather, it reflects the court's determination that the attorney abused the judicial process by pursuing a claim that is frivolous or made in bad faith.

There is no language in § 25-824 which explicitly provides the remedy requested by Moore if the affidavit submitted was determined to be frivolous or made in bad faith. Regardless, having previously determined that the courts did not clearly err in finding that the affidavits submitted by LincOne's counsel were the product of mere inadvertence and not fraud or bad faith, we need not determine whether the affidavits constitute pleadings, whether they should have been stricken, or whether striking the affidavits would result in the vacation of the orders entered pursuant thereto. See *Johnson v. Nelson*, 290 Neb. 703, 861 N.W.2d 705 (2015) (appellate court not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

Second, Moore argues that because the court's orders were made in violation of § 25-1558(3), the orders were void when entered and should have been vacated. As we stated before, § 25-1558(1) prohibits the withholding of wages in excess of 15 percent for the head of a family and neither party disputes that fact.

Moore argues that, because the courts' orders did not comply with § 25-1558(1) in that they erroneously required excessive withholding from her paycheck, pursuant to the explicit terms of § 25-1558(3), any court orders "made in violation of this section" should be considered void and vacated. But as the Nebraska Supreme Court stated in *State v. Bartel,* 308 Neb. 169, 184, 953 N.W.2d 224, 235 (2021):

As courts in other jurisdictions have stated, "[a]n order is void ab initio, rather than merely voidable, if 'the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt.'"

Similarly to those other jurisdictions, we have applied the doctrine of void ab initio sparingly, such as when a court's order was entered without personal or subject matter jurisdiction or absent proper procedures. . . .

The errors urged by Moore involve a mistake in the garnishment orders, not a challenge to the power of the court to enter the orders or the procedure employed by the court in issuing those orders. Accordingly, we reject Moore's contention that the courts erred in not vacating the orders on the basis that they were void when entered.

### (c) Modification After Bankruptcy Discharge

Moore finally argues that the courts' decisions to modify, rather than vacate, the garnishment orders were erroneous because the garnishment orders were modified after the debt had been discharged in bankruptcy. We find this argument curious because the decisions to modify the orders were made for Moore's benefit so that she could obtain a refund on amounts improperly garnished before the debt was discharged which claim she specifically preserved and exempted for herself in the bankruptcy pleadings. Moore cites no authority for her proposition.

In order for the court to vacate or modify a prior judgment in a subsequent term of the court, the provisions under § 25-2001 must be satisfied or relief must be sought under the court's equity jurisdiction. See *Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000). Section 25-2001 is not a litigant's exclusive remedy for vacating a judgment after the term has expired, because that statute is concurrent with an independent equity jurisdiction and with a court's inherent powers of equity. See *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995).

Here, in her prayer for relief, Moore requested that the prior orders be vacated in their entirety and that the funds previously garnished be returned to her. Although the courts did not believe the orders warranted vacation, the courts concluded that the amounts in excess of the statutory maximum should be returned. The respective courts retained an equitable power to reimburse the funds under § 25-2001(2), and pursuant to Moore's general request for relief, we find no abuse of discretion with these findings.

### 2. LINCONE'S CROSS-APPEAL

LincOne cross-appeals solely from a portion of the Adams County District Court's modification order alleging that the Adams County District Court lacked jurisdiction to modify the Thayer County Court's garnishment orders.

In ruling on Moore's motion to vacate, although the Adams County District Court declined to vacate the courts' orders, it modified both the Adams County and Thayer County orders by awarding Moore $231.32 which represented wages that had been improperly garnished in both counties in excess of the statutory 15 percent for the head of a family.

A judgment is a matter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in

proceedings to review the judgment. *Capital One Bank v. Lehmann,* 23 Neb. App. 292, 869 N.W.2d 917 (2015). A proceeding to vacate and set aside a judgment for the reason that it is void must be brought in the court of the county in which the judgment was rendered. *Rasmussen v. Rasmussen*, 131 Neb. 724, 269 N.W. 818 (1936). Since a portion of the Adams County District Court's order improperly modified orders of the Thayer County District Court, we vacate that portion of the Adams County order that addressed the prior garnishment orders issued in Thayer County.

For the sake of clarity, the Adams County District Court found that under the terms of its prior orders, LincOne garnished $65.36 more than it should have under the terms of § 25-1558. The Adams County District Court should have limited its modification order to that issue only and not to the issues presented in Thayer County. We modify the Adams County District Court's order to reflect that Moore is entitled to $65.36 which was over garnished in that county.

## VI. CONCLUSION

For the reasons stated herein, we vacate that portion of the Adams County District Court's order which modified the Thayer County District Court's orders of garnishment. We affirm but modify the Adams County District Court's order to award Moore $65.36 which represents Moore's disposable wages garnished in Adams County in excess of the statutory maximum of 15 percent for the head of a family. We affirm the Thayer County District Court's award of $165.96 to Moore for the amount garnished in Thayer County in excess of the statutory maximum.

JUDGMENT IN NO. A-21-693 AFFIRMED IN PART
AS MODIFIED, AND IN PART VACATED.
JUDGMENT IN NO. A-21-694 AFFIRMED.

- 8 -