C. L. STULL V. CHARLES MILLER.

FILED MAY 4, 1898. No. 8024.

Evading Exemption Laws: ACTION FOR DAMAGES: EVIDENCE. A judgment for damages because of an assignment of a cause of action to a resident of another state, for the purpose of evading the exemption laws of this state, cannot be sustained, when, on the trial, there was no proof of the controverted fact that the right of exemption existed.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

*Beeson & Root*, for plaintiff in error.

*James S. Mathews* and *E. H. Wooley*, contra.

RYAN, C.

In his petition in the district court of Cass county Charles Miller alleged facts which entitled him to an exemption of his wages earned within sixty days, from the operation of attachment, execution, and garnishment process; that for five years he had been in the employ of the Burlington & Missouri River Railroad Company in Nebraska; that on or about June 12, 1893, C. L. Stull, the defendant, pretended to sell and assign a pretended account of $10 against plaintiff to a party in Iowa; that plaintiff's wages earned within sixty days prior thereto were garnished in the justice court in Council Bluffs, Iowa, for the purpose of avoiding the laws of the state of Nebraska concerning exemptions, and that plaintiff's costs and expenses in obtaining a dismissal of said garnishment suit in Iowa was $75, for which sum, with a reasonable attorney's fee of $75 and $10, the amount of the account assigned, Miller prayed judgment against Stull. By a general denial of averments not admitted the defendant put in issue the essential fact that the garnishment was of wages earned by plaintiff within the sixty days preceding such garnishment. There was no evidence offered which tended to fix the particular time during which the wages claimed as exempt were earned. The right of action sought to be enforced in this case was created by the act of 1889. (Session Laws, ch. 25, p. 369.) The purpose of this statute was to prevent the appropriation by garnishment or other process in another state of wages by the laws of this state exempt from such appropriation. No transfer of rights of action for any purpose other than that above indicated was within the inhibition of said statute. To avail himself of its provisions it was incumbent upon the plaintiff to bring his case within the class described in the act. His failure to show that the wages garnished were exempt under the laws of this state was a failure with respect to a very essential element. Without discussing the

sufficiency of the petition, and without considering other matters urged, we content ourselves with saying that for the reason above given the judgment of the district court cannot be sustained and, accordingly, it is reversed.

REVERSED AND REMANDED.