SCOTTSBLUFF NATIONAL BANK, APPELLANT, V. JOHN H. PFEIFER, APPELLEE.

FILED APRIL 27, 1934. No. 28757.

*Mothersead & York,* for appellant.

*J. L. Grimm, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

ELDRED, District Judge.

June 6, 1929, an order of attachment and garnishment was issued in this case, return of which was made June 7, 1929, showing service on Platte Valley State Bank as garnishee. The garnishee disclosed a deposit of $1,965 in the name of Anna M. Pfeifer.

May 4, 1932 (the case in the meantime having been to supreme court, 120 Neb. 445) hearing was had on separate motions of John H. Pfeifer and Anna M. Pfeifer for discharge of attachment and garnishment and the answer (termed affidavit of interpleader) of the garnishee showing it had in its possession $1,965, which was deposited in the name of Anna M. Pfeifer. The motions to discharge attachment and garnishment were overruled. The case proceeded to trial on the same day on the issues joined between the plaintiff and the defendants. There was a finding and judgment for plaintiff against John H. Pfeifer for $2,169.58, and costs, and in favor of the defendant Anna M. Pfeifer; and $500 of the money in the possession of the garnishee was adjudged the property of Anna M. Pfeifer, the balance, amounting to $1,465, adjudged to be the property of John H. Pfeifer. Garnishee was ordered to pay said sum into court, and from said sum clerk ordered to pay, first, unpaid costs, and the amount remaining to be paid to the plaintiff, Scottsbluff National Bank, to be credited upon its judgment against John H. Pfeifer. No appeal was taken from that judgment, and it appears in full force and unmodified.

May 5, 1932, John H. Pfeifer filed an affidavit for exemptions, claiming that he was the head of a family; that he has no lands, town lots or houses subject to exemption as a homestead; and that the $1,465 found by the court to be his property constitutes his entire personal property, and claims $500 of said sum exempt in lieu of homestead. December 1, 1932, on trial of claim for exemptions, the

claim for exemptions was sustained by the court, and the clerk ordered to pay $500 of the funds paid to him by the garnishee in said cause to John H. Pfeifer, as exempt, from which order the plaintiff has appealed.

The claim for exemptions of appellee, John H. Pfeifer, was made and filed on May 5, 1932, stating that he "has" no lands, etc., subject to exemption, and that he "has" no personal property other than the $1,465. The affidavit does not state nor disclose that the appellee did not, at the time the garnishment summons was served, have property exempt as a homestead.

It is urged by appellant that its right under the garnishment proceedings became fixed and established on the date of service of the notice on the garnishee, and whether the property in the hands of the garnishee is exempt must be determined as of that time, and not at the date when the application for exemptions was filed, which in this case appears to have been nearly three years later. This contention seems well taken.

"Whether property in the hands of a garnishee is exempt or not is to be determined as of the date of the service of the garnishee summons." *Wilcox & Co. v. Deines,* 119 Neb. 692; *Van Kirk v. Beckley,* 123 Neb. 148. See *Kilpatrick-Koch Dry Goods Co. v. Callender,* 34 Neb. 727. The application, failing to state that debtor had no lands, town lots nor houses subject to exemption as a homestead on the date the garnishee summons was served, did not state facts sufficient to constitute a valid claim for exemptions.

It is further contended by appellant that the judgment entered by the trial court on May 4, 1932, was a final adjudication of the rights of the parties to the fund involved in this suit; that is, the sum of $1,465, which the court ordered paid to the appellant, Scottsbluff National Bank, after the payment of costs.

This action, so far as garnishment proceedings are concerned, is a proceeding *in rem.* From the date of the service of the garnishee summons the fund involved in

the proceedings was placed in *custodia legis*. While the property stood in that condition a judgment was rendered adjudicating the ownership of the property and the disposition to be made of it. The appellee was a party to the record. The claim made for exemptions after entry of that judgment might have been made before the judgment was rendered. After the judgment *in rem* against him, it is too late for a party to the record to assert a claim for exemptions which might have been made on the trial and determined by the judgment.

While we have a statutory provision (Comp. St. 1929, sec. 20-1554) providing that claim for exemptions may be made at any time before sale, that section can have no application in a garnishment proceeding where there is no sale of the property involved. It would seem that the rule in such case is that claim for exemption should be made within a reasonable time. The effect of the judgment entered was to put the parties in the same position they would have been had the sheriff made a sale of the attached property, paid the proceeds to the clerk of court, and the court had ordered them paid to the creditor. Where the defendant has notice, as he had in this case, he should avail himself of the privilege of setting up every claim or demand he has to the property, to the end that the court may not enter an improvident judgment. *United States Fidelity & Guaranty Co. v. Hollenshead*, 51 Wash. 326.

Final judgment *in rem* having been entered against the defendant, he being before the court and failing to assert a claim for exemptions before judgment disposing of the fund garnisheed, he is barred from making such claim afterwards; the question being *res judicata*. *Rector v. Rotton*, 3 Neb. 171; *New Mexico Nat. Bank v. Brooks*, 9 N. M. 113.

After the brief of appellant was filed in this case, a copy of some proceedings in the United States district court, In the Matter of John H. Pfeifer, Bankrupt, was filed in this court, certified by the clerk of the district

court for Scotts Bluff county as having been filed in that court on December 23, 1932, from which it appears that the referee in bankruptcy, under date of December 19, 1932, ordered the funds involved in this action set aside to the bankrupt as exempt.

This court has not been favored with any brief by the appellee in this proceeding. On oral argument it was urged that these bankruptcy proceedings disposed of the matter in controversy. But, as previously stated, the judgment of the district court, under date of May 4, 1932, remained in full force and unmodified, and was a final adjudication of the ownership of the property; the rights of the appellant thereto were not affected by the subsequent proceeding in bankruptcy.

For the reasons stated herein, the judgment of the district court is reversed and the cause remanded. .

REVERSED.