HAVELOCK BANK OF LINCOLN, A CORPORATION, APPELLANT, V. HOG CONFINEMENT SYSTEMS, INC., A CORPORATION, RALPH B. YOCHUM, AND BOYD C. YOCHUM, APPELLEES.

335 N.W.2d 765

Filed July 1, 1983.  No. 82-851.

Dana Baker of Barney, Carter & Johnson, P.C., for appellant.

John M. Guthery of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The present appeal presents to the court what ap-

pears to be a case of first impression in this state, although not elsewhere in the United States. The question is whether money paid to a recipient by the Social Security Administration and on deposit with a bank may be garnished by a judgment creditor in satisfaction of a judgment. The trial court held that the money on deposit was exempt and not subject to garnishment. We believe the trial court was correct and therefore we affirm.

The facts involved in this case are without dispute. The appellant, Havelock Bank of Lincoln, obtained a judgment in the principal sum of $60,916.61 against Hog Confinement Systems, Inc., a corporation, Ralph B. Yochum, and Boyd C. Yochum, in the District Court for Lancaster County, Nebraska, on the 14th day of June 1982. Thereafter, Havelock filed a praecipe for garnishment summons together with a garnishment affidavit in the District Court for Saunders County, Nebraska, seeking to levy upon money on deposit in the Farmers and Merchants Bank of Ashland, Nebraska, belonging to one of the judgment debtors, Ralph B. Yochum.

It is without dispute that the bank account belonged jointly to Ralph B. Yochum and DeLoris Yochum, his wife, and its contents consisted solely of checks directly deposited by the Social Security Administration. Ralph Yochum thereafter filed a motion to quash, maintaining that because the account consisted only of checks received from the Social Security Administration, the funds were wholly exempt from garnishment.

We believe that a reading of the Social Security Act supports that conclusion. Under 42 U.S.C. § 407 (1976): "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, *and none of the moneys paid or payable* for rights existing under this subchapter shall be subject to execution, levy, attachment, *garnishment*, or other legal process, or to the operation of any bankruptcy or insolvency

law.'' (Emphasis supplied.) It appears clear to us, as it did earlier to the U.S. Supreme Court in the case of *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S. Ct. 590, 34 L. Ed. 2d 608 (1973), that money paid by the Social Security Administration under the Social Security Act and on deposit in a bank is wholly exempt from state garnishment proceedings. In the *Philpott* case the State of New Jersey was seeking to obtain funds on deposit in the recipient's account pursuant to an agreement earlier executed by the recipient. In denying recovery the U.S. Supreme Court said in 409 U.S. at 415: ''On its face, the Social Security Act in § 407 bars the State of New Jersey from reaching the federal disability payments paid to Wilkes.''

Havelock argues, however, that the provisions of § 407 apply only with regard to assignments of future funds and do not apply to money already received and now on deposit in a bank. *Philpott* also disposed of that argument. The Court in *Philpott* said at 416: ''The protection afforded by § 407 is to 'moneys paid' and we think the analogy to veterans' benefits exemptions which we reviewed in *Porter v. Aetna Casualty Co.*, 370 U.S. 159, [82 S. Ct. 1231, 8 L. Ed. 2d 407 (1962)], is relevant here. We held in that case that veterans' benefits deposited in a savings and loan association on behalf of a veteran retained the 'quality of moneys' and had not become a permanent investment. *Id.*, at 161-162.

''In the present case, as in *Porter*, the funds on deposit were readily withdrawable and retained the quality of 'moneys' within the purview of § 407.''

See, also, *Harris v. Bailey*, 675 F.2d 614 (4th Cir. 1982); *Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980); *Tidwell v. Schweiker*, 677 F.2d 560 (7th Cir. 1982); *Raskin v. Moran*, 684 F.2d 472 (7th Cir. 1982); *Herweg v. Ray*, 619 F.2d 1265 (8th Cir. 1980), *rev'd on other grounds* 455 U.S. 265, 102 S. Ct. 1059, 71 L. Ed. 2d 137 (1982); *Usery v. First Nat. Bank of Arizona*, 586 F.2d 107 (9th Cir. 1978).

We believe the language of § 407 is clear beyond question, and therefore, by reason of the supremacy clause of the U.S. Constitution, we must hold that under the provisions of 42 U.S.C. § 407 (1976), social security payments to a recipient on deposit with a bank are exempt from garnishment under state law. The judgment is affirmed.

AFFIRMED.