In re Jackie L. **MOORE** and Dorothy L. Moore, Debtors.

Bankruptcy No. 96–10404–7.

United States Bankruptcy Court, D. Kansas.

Oct. 10, 1997.

Jackie Lavern Moore, Dorothy Laverne Moore, Augusta, KS, Robert E. Durrett, Coombs & Standlee, Chtd., Wichita, KS, John Gerdes, Wichita, KS, for Debtors/Plaintiffs.

J. Michael Morris, Wichita, KS, Trustee.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Debtors' Motion for Summary Judgment on Trustee's Motion to Compel and for Turnover. The Trustee's motion seeks an order compelling the Debtors to turn over to the estate the sum of $1,589.65, which represents the balance in Debtor Dorothy Moore's bank account on the date of filing their bankruptcy petition. The Debtors seek summary judgment based on the fact that the source of the funds in dispute is exempt property and that the funds do not lose their exempt status upon subsequent deposit into the Debtor's bank account.

### FINDINGS OF FACT

The facts are undisputed in this case. The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 13, 1996. At the time Debtors filed their petition, Debtor Dorothy Moore maintained a bank account at the Rose Hill State Bank. On January 25, 1996, the balance on hand in Debtor's bank account was $3,348.90. On February 1, 1996, Debtor Dorothy Moore's retirement pay from Boeing Company in the amount of $1,517.31 was deposited directly to her bank account. On February 2, 1996, Dorothy Moore's social security check in the amount of $923 was deposited directly to her bank account, making the balance in her account at that time $4,994.37. On February 13, 1996, checks had cleared the Debtor's bank account bringing the balance to $1,589.65. The only funds deposited into Debtor's account were from her Boeing retirement and social security. On Schedule C of her bankruptcy schedules, she claimed her retirement accounts as exempt pursuant to K.S.A. 60–2308, 60–2312, 60–2313 and the Employee Retirement Income Security Act. These exemptions have not been challenged.

### CONCLUSIONS OF LAW

The Trustee does not controvert the fact that Dorothy Moore's retirement funds from Boeing Company are exempt under the Employee Retirement Income Security Act, nor the fact that her social security retirement benefits are exempt under the Social Security Act. The Trustee argues, however, that such funds did not retain their exempt status once the Debtor withdrew the funds or cashed the funds and placed them in her checking account. Debtors argue that the exempt funds do not lose their exempt status simply by being deposited in a bank account. The Trustee has the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr.P. 4003(c).

Section 522(b) gives debtors the option of electing the federal exemptions pursuant to subsection (b)(1), or the exemptions as set forth in subsection (b)(2). Kansas has opted out of the federal exemption scheme, thereby preventing its residents from claiming the federal exemptions and forcing them to elect the exemptions set forth in § 522(b)(2). The exemptions under § 522(b)(2) include:

any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place.

11 U.S.C. § 522(b)(2)(A). In addition, Kansas law allows a debtor to exempt property listed in § 522(d)(10). *See* K.S.A. 60–2312.

Section 522(b)(2)(A) refers to property exempt under federal law other than § 522(d). In *In re Treadwell*, the court noted that accumulated or past due social security payments, which are covered by 42 U.S.C. § 407,

are among the exemptions provided by non-bankruptcy federal law pursuant to § 522(b)(2)(A). *In re Treadwell,* 699 F.2d 1050, 1052 (11th Cir.1983). The court cited § 522's legislative history as follows:

> The debtor may choose the Federal exemptions prescribed in subsection (d), or he may choose the exemptions to which he is entitled under other Federal law and the law of the State of his domicile. If the debtor chooses the latter, some of the items that may be exempted under other Federal laws include:
>
> . . . .
>
> —Social security payments, 42 U.S.C. 407.

*Id.* (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 360, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6316). The Social Security Act, codified at 42 U.S.C. § 407, provides in pertinent part that:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the **moneys paid** or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407 (emphasis added).

■ The emphasized language of the statute shows that the exemption applies to social security benefits that have already been paid out. Furthermore, the Court finds that the funds do not lose their exempt status when deposited into a bank account. In *Porter v. Aetna Casualty & Sur. Co.,* the Supreme Court decided whether benefits paid by the United States Veterans' Administration retain their exempt status under 38 U.S.C. § 3101(a) after being deposited into a federal savings and loan association account. *Porter v. Aetna Casualty & Sur. Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962). The Supreme Court held that because legis-

lation of this type should be liberally construed to protect funds granted by Congress for the maintenance and support of the beneficiaries thereof, such deposits should remain inviolate. *Id.* at 162, 82 S.Ct. at 1233. The Supreme Court stated that:

> The Congress, we believe, intended that veterans in the safekeeping of their benefits should be able to utilize those normal modes adopted by the community for that purpose—provided the benefit funds, regardless of the technicalities of title and other formalities, are readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments.

*Id.* In *Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 416, 93 S.Ct. 590, 592, 34 L.Ed.2d 608 (1973), the Supreme Court held that in light of the protection afforded by 42 U.S.C. § 407, the reasoning in *Porter* is relevant to social security benefits deposited into a bank account. The Supreme Court held that the funds on deposit were readily withdrawable and retained the quality of "moneys" within the purview of § 407. The Kansas Supreme Court has also relied on the reasoning in *Porter* and *Philpott.* *See E.W. v. Hall,* 260 Kan. 99, 105, 917 P.2d 854, 858 (1996) (citing *Porter* and holding that social security benefits which were placed into a certificate of deposit retained their exempt status because certificates of deposit are "normal modes adopted by the community" for the safekeeping of funds); *Younger v. Mitchell,* 245 Kan. 204, 777 P.2d 789 (1989) (citing *Porter* and holding that Veterans' Administration disability benefits retained exempt status after being deposited into a savings account, where funds were readily available as needed for support and maintenance of judgment debtor and his wife). *See also In re Norris,* 203 B.R. 463, 467 (Bankr.D.Nev.1996) (citing cases from other jurisdictions which recognize that statutorily exempt funds do not lose their exempt status when deposited into a personal checking account).

■ In this case, the Debtors are also claiming as exempt Debtor Dorothy Moore's retirement pay from Boeing Company.

K.S.A. 60–2308(b) provides in pertinent part that:

> Except as provided in subsection (c), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408 or 409 of the federal internal revenue code of 1954, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant. Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state.

K.S.A. 60–2308(b) (emphasis added). The Trustee argues that the express wording of the statute provides that only those monies "payable" from a qualified retirement plan are exempt. The Trustee cites *State v. Shawnee County Comm'rs.*, 132 Kan. 233, 294 P. 915 (1931), *cert. denied* 283 U.S. 855, 51 S.Ct. 648, 75 L.Ed. 1462 (1931), which interpreted the meaning of the term "payable" in the world war veterans' compensation act. The court held that "[t]o give the word 'payable' any other or different meaning from the general equivalent of 'due,' or 'to be paid,' or 'capable of being paid,' would be giving it an unusual and strained construction." *Id.* at 240, 294 P. 915. The Court finds that, based on the statutory language, the retirement funds which were already paid out are not exempt. Even if the Debtors rely on the exemption set forth in 11 U.S.C. § 522(d)(10)(E), the same reasoning would apply. That section provides an exemption for:

> (10) The debtor's **right to receive**—
>
> . . . .
>
> (E) a payment under a . . . pension . . . or similar plan . . . to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . .

11 U.S.C. § 522(d)(10)(E) (emphasis added). Again, the emphasized language suggests that the exemption only applies to the right to receive future payments. Furthermore, § 522(d)(11), which Kansas law does not incorporate into the state exemption scheme, expressly states that it applies to "[t]he debt-or's right to receive, or property that is traceable to—" certain listed awards or payments. Thus, if Congress intended for § 522(d)(10) to apply to funds already paid out, it could have used language similar to that used in (d)(11). Thus, the Court finds that the retirement payments which were already paid out at the time the Debtors filed their bankruptcy are not exempt.

The Trustee argues that even if the social security proceeds were exempt, they lost their exempt status when they were placed into a checking account with nonexempt retirement funds. The Court finds that the social security benefits are protected even if they are commingled with funds from other sources. In *NCNB Fin. Servs., Inc. v. Shumate*, the court held that social security benefits are protected even if they are commingled in a savings or checking account with funds from other sources. *NCNB Fin. Servs., Inc. v. Shumate*, 829 F.Supp. 178, 180 (W.D.Va.1993), *aff'd sub nom, Nationsbank of North Carolina, N.A. v. Shumate*, 45 F.3d 427 (4th Cir.1994), *cert. denied* 515 U.S. 1161, 115 S.Ct. 2616, 132 L.Ed.2d 859 (1995). The court held that the social security recipient is entitled to protection as to those funds that are reasonably traceable to social security income using the first in, first out, accounting method. *Id.* at 180–81. Likewise, Kansas case law suggests that the social security benefits can be protected when the bank account includes funds from other sources. In *E.W. v. Hall*, 260 Kan. 99, 917 P.2d 854 (1996), the Kansas Supreme Court held that social security benefits did not lose their exempt status when they were placed in a savings account and a certificate of deposit. The court remanded the case because the district court had failed to determine how much of the funds were attributable to earned bank interest and to defendant's monthly inmate pay, which two sources are not exempt. *Id.* at 105, 917 P.2d 854.

This Court finds that, using the first in, first out, accounting method, Debtors are entitled to exempt their social security benefits in the amount of $923. Debtor Dorothy Moore's social security check was the last deposit into her bank account, on February 2, 1996. Thus, the entire $923 was in her

account when the Debtors filed bankruptcy. The remaining $666.65 in the bank account is attributable to the retirement funds and thus is not exempt.

**IT IS THEREFORE ORDERED BY THE COURT** that Debtors' Motion for Summary Judgment on Trustee's Motion to Compel and for Turnover shall be GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED BY THE COURT** that Debtors are entitled to exempt the funds in their bank account at the time of filing their bankruptcy petition in the amount of $923, which represents funds traceable to social security benefits. The remaining $666.65 shall be turned over to the Trustee.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.