Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/17/2020 08:08 AM CDT

SCHAEFER SHAPIRO LLP, A NEBRASKA LIMITED
LIABILITY PARTNERSHIP, APPELLANT,
v. RODIEN BALL, APPELLEE.

___ N.W.2d ___

Filed April 23, 2020.    No. S-19-547.

1. **Garnishment: Appeal and Error.** Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong.
2. **Courts: Appeal and Error.** The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Garnishment: Social Security.** As a general rule, Social Security payments to a recipient on deposit with a bank are exempt from garnishment under both federal and state law.
5. ____: ____. Exempt funds such as Social Security payments remain exempt from garnishment, even when commingled with nonexempt funds, so long as the source of the exempt funds is reasonably traceable.
6. **Garnishment: Attachments: Proof.** One who seeks exemption from attachment and garnishment should prove entitlement to the exemption.
7. **Verdicts: Appeal and Error.** In determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence.

Appeal from the District Court for Douglas County, LEIGH ANN RETELSDORF, Judge, on appeal thereto from the County

Court for Douglas County, Lawrence E. Barrett, Judge. Judgment of District Court affirmed.

James E. Riha and Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

A judgment creditor sought to garnish the judgment debtor's bank account, which at one time contained funds both exempt and nonexempt from garnishment. We hold that funds exempt from garnishment remain exempt, even when commingled with nonexempt funds, so long as the source of exempt funds is reasonably traceable. Because competent evidence supported the county court's finding that the bank account consisted solely of exempt funds, we affirm.

## BACKGROUND

Schaefer Shapiro LLP (Schaefer) obtained a judgment against Rodien Ball. On December 26, 2018, Schaefer filed an affidavit and praecipe for summons in garnishment, asserting that the judgment against Ball totaled $1,994.99 and that a bank held assets of Ball.

The bank answered garnishment interrogatories indicating that Ball's account contained funds other than wages in excess of $1,994.99. Upon Schaefer's application to deliver nonexempt funds, the court ordered that "the non-exempt earnings, property, credits, or money withheld by the garnishee in the amount of $1,994.99 be transferred to the Court."

Ball requested a hearing, claiming that the funds were exempt from garnishment. At the January 2019 hearing, Ball testified that he received $1,790 in Social Security every month and that the only funds in his garnished account were Social

Security payments. He estimated that the total balance in the garnished bank account was "[$]30,000, probably." In October 2017, Ball sold real estate and received "[p]robably about a hundred thousand." Although Ball deposited those proceeds into the same bank account as his Social Security payments, he testified: "[I]t's all gone. Been spent, and I owed bills." Ball iterated that he spent the sale proceeds but did not spend Social Security funds. The county court ruled from the bench: "Show that the testimony's been given that the funds are exempt. They are ruled exempt."

Upon Schaefer's appeal, the district court affirmed the county court's judgment. The district court highlighted the absence of evidence regarding how much money was in the bank account in October 2017, or anytime thereafter, aside from Ball's estimation. And there was no evidence as to how much money was in the account before any commingling occurred or at the time the interrogatories were completed. The district court observed that the county court apparently found Ball to be credible, and the district court found no error by the county court appearing on the record.

Schaefer appealed, and we moved the case to our docket.[1]

## ASSIGNMENT OF ERROR

Schaefer assigns that the lower courts erred because the act of depositing and commingling otherwise exempt Social Security funds into the same bank account as nonexempt proceeds from the sale of real estate removes the exempt status, thereby allowing garnishment of the Social Security funds unless the garnishee proves the exempt status of the funds.

## STANDARD OF REVIEW

[1] Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong.[2]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[2] *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

[2,3] The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.[3] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[4]

## ANALYSIS

[4] As a general rule, Social Security payments to a recipient on deposit with a bank are exempt from garnishment under both federal and state law.[5] In an earlier case decided by this court,[6] there was no dispute that the bank account consisted solely of checks directly deposited by the Social Security Administration. This appeal presents a twist: What is the effect, if any, on exempt funds when commingled with nonexempt funds?

[5] The majority of federal[7] and state[8] courts have determined that Social Security benefits maintain their exempt status, even if commingled with nonexempt funds. A Virginia court took the contrary view,[9] but the continued validity of that

---

[3] *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018); *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016).

[4] *Id.*

[5] See, *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S. Ct. 590, 34 L. Ed. 2d 608 (1973) (implementing 42 U.S.C. § 407(a) (2018)); *Havelock Bank v. Hog Confinement Systems*, 214 Neb. 783, 335 N.W.2d 765 (1983).

[6] *Havelock Bank v. Hog Confinement Systems, supra* note 5.

[7] See, *S & S Diversified Services, L.L.C. v. Taylor*, 897 F. Supp. 549 (D. Wyo. 1995); *NCNB Financial Services, Inc. v. Shumate*, 829 F. Supp. 178 (W.D. Va. 1993); *In re Lichtenberger*, 337 B.R. 322 (C.D. Ill. 2006); *In re Moore*, 214 B.R. 628 (D. Kan. 1997).

[8] See, *In re Estate of Merritt*, 272 Ill. App. 3d 1017, 651 N.E.2d 680, 209 Ill. Dec. 502 (1995); *Dean v. Fred's Towing*, 245 Mont. 366, 801 P.2d 579 (1990); *General Motors Acceptance Corp. v. Deskins*, 16 Ohio App. 3d 132, 474 N.E.2d 1207 (1984).

[9] *Bernardini v. Central Nat. Bank, Etc.*, 223 Va. 519, 290 S.E.2d 863 (1982).

decision has been questioned due to later legislation.[10] Most courts, however, require that the exempt source of the funds be traceable.[11] We now hold that exempt funds such as Social Security payments remain exempt from garnishment, even when commingled with nonexempt funds, so long as the source of the exempt funds is reasonably traceable.

[6] When there is a dispute about whether funds are exempt, which party carries the burden of proof becomes key. One who seeks exemption from attachment and garnishment should prove entitlement to the exemption.[12] This is in accord with the general rule that the burden of proving an exemption rests on the party claiming it.[13] It is also in line with the teaching of a treatise concerning Social Security: "[O]nce it is determined that an account contains commingled funds, the burden shifts to the claimant to prove that the remaining funds constitute exempt social security funds."[14] Ball, as the party claiming that the funds were exempt, had the burden to prove that they were exempt.

[7] In considering whether Ball met his burden, we are constrained by our standard of review. The county court determined that all of the funds in the bank account were exempt. And the findings of the county court have the effect of findings

---

[10] See, *In re Delima*, 561 B.R. 647 (E.D. Va. 2016); *In re Meyer*, 211 B.R. 203 (E.D. Va. 1997).

[11] See, *In re Lichtenberger, supra* note 7; *In re Moore, supra* note 7; *In re Estate of Merritt, supra* note 8; *Dean v. Fred's Towing, supra* note 8; *General Motors Acceptance Corp. v. Deskins, supra* note 8.

[12] See *Novak v. Novak*, 2 Neb. App. 21, 508 N.W.2d 283 (1993), *affirmed in part and in part reversed and remanded* 245 Neb. 366, 513 N.W.2d 303 (1994). See, also, *Scottsbluff Nat. Bank v. Pfeifer*, 126 Neb. 852, 254 N.W. 494 (1934); *Stull v. Miller*, 55 Neb. 30, 75 N.W. 239 (1898).

[13] See, *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015) (exemption to criminal nonsupport); *Hamilton Cty. EMS Assoc. v. Hamilton Cty.*, 291 Neb. 495, 866 N.W.2d 523 (2015) (Industrial Relations Act exemption); *Fort Calhoun Bapt. Ch. v. Washington Cty. Bd. of Eq.*, 277 Neb. 25, 759 N.W.2d 475 (2009) (tax exemption).

[14] 2A Social Security Law and Practice § 34:8 (2019).

by a jury—they will not be set aside unless clearly wrong.[15] With respect to a jury verdict, we have stated that it is sufficient if there is competent evidence presented to the jury upon which it could find for the successful party.[16] And in determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence.[17]

Viewing the evidence most favorably to Ball and giving him the benefit of every reasonably inference, we cannot say that the county court's finding was clearly wrong. Ball testified that the bank account contained only his Social Security payments and that he spent all of the nonexempt money that had been deposited in the account. The county court accepted this testimony.

Schaefer argues that it is "mathematically impossible" for the $30,000 balance in the account to consist solely of exempt Social Security funds.[18] According to Schaefer, it would take at least 17 months for the account balance to go from $0 to $30,000 at $1,790 per month, but that only 14 months passed from the commingling of the funds in October 2017 to the filing of the garnishment in December 2018. Presumably, then, it would be mathematically possible for Ball's account to contain $25,060 as of December 2018 (time of service of garnishee summons) or $26,850 as of January 2019 (time of hearing).

The county court was not bound to accept Ball's estimation of the account balance. The question posed at the hearing was, "And how much is in the account?" The question inquired about the present balance of the account rather than the balance at the time of the garnishment filing, although that

---

[15] See *ML Manager v. Jensen, supra* note 2.

[16] See *Wulf v. Kunnath*, 285 Neb. 472, 827 N.W.2d 248 (2013).

[17] *Id.*

[18] Brief for appellant at 5.

hearing occurred approximately 3 weeks later. Ball answered, "I don't know. Thirty — 30,000, probably." The county court may have believed that the account contained an amount lesser than $30,000.

Schaefer further argues that federal law should govern a bank's review of an account to determine whether an exempt benefit was paid during the 2-month lookback period.[19] Under federal regulations, a financial institution must issue a notice to the account holder named in the garnishment order where (1) a benefit agency deposited a benefit payment into an account during the lookback period, (2) the balance in the account on the date of the account review was above $0 and the financial institution established a protected amount, and (3) there are funds in the account in excess of the protected amount.[20] Schaefer asserts that applying the 2-month lookback period to Ball's Social Security benefits would leave any amount in the bank account over $3,580 ($1,790 per month × 2 months) subject to being garnished.

It is not clear from the record whether the federal regulations apply here. The federal regulations were added "to implement statutory provisions that protect Federal benefits from garnishment by establishing procedures that a financial institution must follow when served a garnishment order against an account holder *into whose account a Federal benefit payment has been directly deposited*."[21] The regulations specify:

> Benefit payment means a Federal benefit payment referred to in § 212.2(b) *paid by direct deposit* to an account with the character "XX" encoded in positions 54 and 55 of the Company Entry Description field and the number "2" encoded in the Originator Status Code field of the Batch Header Record of the direct deposit entry.[22]

---

[19] See 31 C.F.R. § 212.3 (2018).

[20] 31 C.F.R. § 212.7(a) (2018).

[21] 31 C.F.R. § 212.1 (2018) (emphasis supplied).

[22] 31 C.F.R. § 212.3 (emphasis omitted) (emphasis supplied).

Because our record contains no evidence that Ball's Social Security payments were directly deposited into his account, we cannot speak to whether the federal regulations apply. But even if they did apply, exempt funds remain exempt,[23] and Ball testified that his account contained only Social Security funds.

The parties presented scant evidence to the county court. But Ball's testimony that the account contained only exempt funds, if believed, provided a basis for the county court to rule accordingly. We cannot say that the county court's finding was clearly wrong. Like the district court, we see no error appearing on the record.

## CONCLUSION

Because the county court's decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable, we affirm the decision of the district court affirming the judgment of the county court.

Affirmed.

---

[23] See, 42 U.S.C. § 407(a); *Tuan Thai v. Ashcroft*, 366 F.3d 790 (9th Cir. 2004) (federal regulation cannot empower action prohibited by federal statute).