IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


CHARLES E. ROLL, JR. REVOCABLE TRUST V. ANDERSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


CHARLES E. ROLL, JR. REVOCABLE TRUST, APPELLANT,

V.

BRANDON L. ANDERSON, APPELLEE, AND MARK ANDERSON, DOING BUSINESS AS
M.E. ANDERSON CONSTRUCTION, APPELLEE.


Filed February 2, 2021.    No. A-20-376.


Appeal from the District Court for Sarpy County: NATHAN B. COX, Judge, on appeal thereto from the County Court for Sarpy County: PATRICIA A. FREEMAN, Judge. Judgment of District Court affirmed.

Patrick J. Sullivan and Travis M. Jacott, of Adams & Sullivan, P.C., L.L.O., for appellant.

William J. Hale and Andrew W. Simpson, of Goosmann Law Firm, P.L.C., for appellee Mark Anderson.


RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

The county court for Sarpy County entered an order finding a garnishee liable for the amount owed by a judgment debtor. The garnishee moved to vacate the order, and the county court granted the motion. The judgment creditor appealed to the district court, which affirmed the county court's decision. Finding that the district court did not err in affirming the county court's order, we affirm.

- 1 -

## BACKGROUND

In April 2019, a default judgment was entered in favor of the Charles E. Roll, Jr. Revocable Trust (the Trust) against Brandon L. Anderson (Brandon) for $25,833.42 plus costs and interest. Thereafter, having been unable to collect the judgment from Brandon, the Trust attempted to garnish Brandon's wages. It filed an affidavit and praecipe for summons in garnishment to be issued upon Mark Anderson (Mark) doing business as M.E. Anderson Construction (Anderson Construction), who the Trust believed to be Brandon's employer. The summons, order of garnishment, and interrogatories were served upon Anderson Construction on May 16. On June 10, the Trust filed a verified motion to determine garnishee liability. The Trust asserted that as of that date, Anderson Construction had failed to respond to the issued interrogatories and requested that the county court enter judgment against Anderson Construction in favor of the Trust for the full amount of $25,833.42 plus costs and interest.

The court held a hearing on July 2, 2019, at which Anderson Construction appeared pro se by Mark. No sworn testimony or evidence was offered by either party, and the court recommended that Anderson Construction consult legal counsel for assistance in the matter. The same day, the court entered a written order taking the Trust's motion for garnishee liability under advisement and granting Anderson Construction 10 days to complete and submit the interrogatories. The order cautioned that if Anderson Construction failed to do so, the Trust's motion would be granted. On July 8, the Trust filed a motion to alter or amend the July 2 order, asking the county court to grant its previous motion and enter judgment against Anderson Construction for the full amount due and owing.

At a July 16, 2019, hearing on the Trust's motion to alter or amend, Anderson Construction again appeared pro se through Mark, and no evidence was adduced by either party. In an order entered that day, the county court denied the Trust's motion to alter or amend, but because Anderson Construction still had not submitted answers to the interrogatories, the court granted the Trust's original motion for garnishee liability and entered judgment against Anderson Construction in the amount of $25,833.42 plus costs and interest.

Anderson Construction subsequently obtained counsel, and its counsel filed a motion to reconsider asking the court to vacate its July 16, 2019, order and allow Anderson Construction the opportunity to present evidence to rebut the presumption that it is responsible for the judgment. At a hearing on the motion, counsel for Anderson Construction argued that Brandon is an independent contractor who does occasional subcontracting work for Anderson Construction. Counsel asserted that the defendant is not an employee of Anderson Construction and that Anderson Construction does not currently have any assets to which the defendant is entitled.

In an order dated October 28, 2019, the county court granted Anderson Construction's motion to vacate. The court found that Anderson Construction showed no malice toward the court, but instead, demonstrated ignorance of the proceedings and determined that it alleged a meritorious defense and the matter should be fully litigated. The court also observed that it had not placed Mark Anderson under oath at the July 2 hearing; thus, the statements he made at that time could not be considered as evidence. As a result, the county court vacated its July 16 order and set the matter for further hearing to determine garnishee liability.

The Trust appealed to the district court for Sarpy County. The district court affirmed the county court's decision. The Trust now appeals to this court.

## ASSIGNMENTS OF ERROR

The Trust assigns, summarized and restated, that the district court erred in affirming the county court's (1) order which vacated the order granting judgment against Anderson Construction, (2) denial of the Trust's motion to alter or amend, (3) grant of equitable relief to Anderson Construction, and (4) admitting irrelevant evidence.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

## ANALYSIS

Before addressing the merits of the Trust's assignments of error, we consider Anderson Construction's assertion that this court lacks jurisdiction over the appeal because the county court order from which the appeal was taken was not a final appealable order. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). In Nebraska, for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment. *Id*.

The three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered. *Id*. With regard to whether an order related to a garnishment proceeding is a final order, the Nebraska Supreme Court recently noted that while it is well established that garnishment in aid of execution is a legal statutory remedy, the court has not always been consistent in describing its nature. *Shawn E. on behalf of Grace E. v. Diane S.*, 300 Neb. 289, 912 N.W.2d 920 (2018). The Supreme Court observed that at various times it has described garnishment as a legal action or as a special proceeding, and it has even alluded to a challenge to a garnishment as a summary application in an action after judgment is rendered. *Id*. It declined at that time, however, to "resolve this tangle of garnishment precedents." *Id*. at 293, 912 N.W.2d at 924.

In the present case, we, too, need not resolve this tangle of precedents because the appealed order could be considered either the second or third type of final order, and the more pressing question is whether the order affects a substantial right. Broadly stated, an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018). Our final order jurisprudence recognizes that it is not enough that a right be substantial; the effect of the subject

order on that right must also be substantial. *Id*. Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id*. It also depends on whether the right could be effectively vindicated absent interlocutory review; an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review. *Id*.

It has long been held that an order vacating a default judgment and permitting a suit to go forward is appealable. *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983); *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 120 N.W.2d 557 (1963). The Supreme Court recently reaffirmed this holding. See *Fidler v. Life Care Centers of America, supra*. In doing so, the Supreme Court explained that orders vacating a default judgment affect a substantial right because the affected party had secured a judgment, of which it was deprived by the appealed order, and that the judgment creditor's right to collect by execution of its judgment was affected by taking away that default judgment. *Id*.

We recognize that because hearings were held at which both parties appeared prior to entry of the operative order, this is not a case involving a default judgment. However, like those cases involving vacation of a default judgment, here, the Trust had secured a judgment in its favor in the form of the order of garnishee liability. It was deprived of that judgment and its right to collect when the county court granted the garnishee's motion to vacate it. Thus, like orders vacating a default judgment, the order here affects a substantial right.

In the specific context of garnishment cases, the Supreme Court has held that orders affect a substantial right when they authorize seizure of the debtor's property. See, e.g., *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020); *Shawn E. on behalf of Grace E. v. Diane S.*, 300 Neb. 289, 912 N.W.2d 920 (2018); *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016). Similarly here, the order of garnishee liability, prior to its vacation, determined the parties' rights to the garnishee's property because judgment was entered against Anderson in favor of the Trust, allowing the Trust to ultimately collect on the judgment. This order therefore affects a substantial right and is a final order. Consequently, we have jurisdiction over the appeal.

We now turn to the merits of the Trust's arguments. The pertinent question before us is whether the district court erred in affirming the county court's decision vacating the order of garnishee liability and setting the matter for further hearing to determine Anderson Construction's liability. We conclude it did not err.

We begin by briefly reviewing the garnishment procedure. When a judgment has been entered by a court, the judgment creditor may file an affidavit in the office of the clerk of the court where the judgment has been entered, stating that the judgment creditor has reason to believe that a person, partnership, limited liability company, or corporation has property of and is indebted to the judgment debtor. *Petersen v. Central Park Properties*, 275 Neb. 220, 745 N.W.2d 884 (2008); Neb. Rev. Stat. § 25-1056(1) (Reissue 2016). The clerk then issues a summons setting forth the amount due on the judgment, interest, and costs as shown in the affidavit and requiring the garnishee to answer written interrogatories to be furnished by the judgment creditor. *Petersen v. Central Park Properties, supra*; § 25-1056(1). A copy of the summons and order of garnishment must be sent by the judgment creditor to the judgment debtor by certified mail. *Petersen v. Central Park Properties, supra*; Neb. Rev. Stat. § 25-1011(2) (Reissue 2016).

The garnishee must answer the summons within 10 days from the date of service. *Petersen v. Central Park Properties, supra*; § 25-1056(1). If the garnishee fails to answer the interrogatories, it is presumed that the garnishee is indebted to the judgment debtor in the full amount of the claim of the judgment creditor. *Petersen v. Central Park Properties, supra*; Neb. Rev. Stat. § 25-1028 (Reissue 2016). This is a rebuttable presumption. *Petersen v. Central Park Properties, supra*. The burden is on the garnishee to show the nonexistence of the presumed indebtedness. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

If the garnishee does answer the interrogatories, but the answers are not satisfactory to the garnishor, the garnishor may file an application for determination of the garnishee's liability. *Id*. The application for determination of liability and the answers of the garnishee are the pleadings upon which trial of the issue of liability of the garnishee shall be had. *Id.*; Neb. Rev. Stat. § 25-1030 (Reissue 2016). The trial of the determination of the liability of the garnishee shall be conducted the same as in a civil action. *Spaghetti Ltd. Partnership v. Wolfe, supra*; Neb. Rev. Stat. § 25-1030.02 (Reissue 2016). Even if the garnishee fails to answer the interrogatories, however, the trial court may still allow the garnishee to present evidence at the trial to determine garnishee liability in an attempt to rebut the presumption of indebtedness arising from the failure to answer the interrogatories. See *Spaghetti Ltd. Partnership v. Wolfe, supra*.

In the present case, the interrogatories were served upon Anderson Construction on May 16, 2019. When Anderson Construction had not responded by June 10, the Trust filed a motion to determine garnishee liability and set the matter for hearing. By that time, the rebuttable presumption that Anderson Construction was indebted to the judgment debtor in the full amount of the claim of the Trust had arisen.

Contrary to the Trust's argument, the fact that Anderson Construction never responded to the interrogatories did not prohibit the court from holding a trial on garnishee liability or mandate a judgment in the Trust's favor. The 10-day timeframe simply allows the presumption of indebtedness to arise, but Anderson Construction was still permitted the opportunity to rebut this presumption at the July 2 and July 16, 2019, hearings and show that it was not liable on the defendant's debt. Although the county court inquired of Anderson Construction at the hearings, it did not place Mark under oath or receive any evidence from him. Ultimately, because Anderson Construction failed to answer the interrogatories or rebut the presumption of indebtedness, the county court entered judgment in the Trust's favor finding Anderson Construction liable for the full amount of the judgment. The procedure followed by the county court in this case was not contrary to the garnishment statutes. See *Spaghetti Ltd. Partnership v. Wolfe, supra* (garnishment in aid of execution is legal remedy unknown at common law and strictly governed by statute).

The question then becomes whether the county court had the authority to vacate its July 16, 2019, order. Because trials determining a garnishee's liability are to be conducted the same as in a civil action, the county court's July 16 order here is akin to the judgment following a trial in other civil actions. And in general, county courts have the power to vacate or modify their own judgments and orders during or after the term in which they were made in the same manner as provided for district courts. *In re Guardianship & Conservatorship of Alice H.*, 303 Neb. 235, 927 N.W.2d 787 (2019). See also Neb. Rev. Stat. § 25-2720.01 (Reissue 2016). In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgment at any time during

the term in which the court issued it. *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 835 N.W.2d 44 (2013). The county court's term is the calendar year. Neb. Rev. Stat. § 25-2009 (Reissue 2016).

In the present case, the county court's order of garnishee liability was filed on July 16, 2019, and the order vacating that order was issued on October 28 of the same year. Therefore, the court had the authority to vacate its initial ruling because it did so in the same term of court.

Nevertheless, the Trust argues that the county court should not have vacated its order because doing so would grant Anderson a "third bite at the apple." Brief of appellant at 14. The Trust also asserts that Anderson Construction's bases for seeking vacation of the judgment against it were untenable. The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004). A much stronger showing is required to substantiate an abuse of discretion when a judgment is vacated than when it is not. *Id.*

We find no error in the district court's decision concluding that the county court did not abuse its discretion in vacating the order of garnishee liability. The county court found that Anderson Construction showed no malice toward the court, but, rather, demonstrated ignorance of the proceedings. Additionally, the court noted that at the July 2, 2019, hearing, it had asked Mark to explain himself but failed to place him under oath such that his statements could not be considered as evidence. The court further found that Anderson Construction's motion to vacate alleged a defense that may have merit and should be fully litigated. Although the Trust may disagree with Anderson Construction's allegations and reasons for its failure to respond to the interrogatories, the county court's findings are not clearly wrong. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020).

In addition, the Supreme Court has observed that as a stranger to the proceedings in which a judgment has been obtained, a garnishee is normally an innocent third party exposed to inconvenience and hazards or expense of extended litigation. See *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985), *disapproved on other grounds, ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014). In view of the nature of garnishment demanding an expeditious disposition of proceedings, it is reasonable that the Nebraska Legislature sought to protect a garnishee from often unnecessary and sometimes oppressive litigation. *Id.*

Applying these principles here, Anderson Construction is to be viewed as an innocent third party to be protected from expensive, unnecessary, or oppressive litigation. Given the county court's assessment that Anderson Construction had a legitimate reason for its failure to timely respond to the interrogatories, its ignorance, and potentially had a meritorious defense against the litigation against it, we cannot find that the county court's decision to vacate its entry of judgment against Anderson Construction constitutes an abuse of discretion. Accordingly, the district court did not err in affirming the county court's decision.

We do not address the Trust's remaining assignments of error, which allege that the district court erred in affirming the county court's denial of the Trust's motion to alter or amend, affirming the county court's grant of equitable relief to Anderson Construction, and affirming the county court's admitting irrelevant evidence, because they are not specifically argued in the Trust's brief. See *Chafin v. Wisconsin Province Society of Jesus*, 301 Neb. 94, 917 N.W.2d 821 (2018) (to be

considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief of party asserting error).

## CONCLUSION

For the foregoing reasons, we affirm the district court's order which affirmed the decision of the county court.

AFFIRMED.