IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

PETERSON & FOSTER LAW V. FIALA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PETERSON & FOSTER LAW, APPELLEE,

V.

DAVID FIALA, APPELLANT.

Filed February 27, 2024.    No. A-23-334.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

David Fiala, pro se.

Kathleen M. Foster, of Peterson & Foster Law, for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

David M. Fiala, self-represented, appeals from the order of the district court for Lancaster County, which affirmed the order of the county court of Lancaster County granting summary judgment to Peterson & Foster Law on its breach of contract claim against Fiala. For the reasons that follow, we affirm.

## STATEMENT OF FACTS

In December 2021, Peterson & Foster Law (hereinafter "the law firm") filed a complaint in the county court against David M. Fiala; David Fiala, Ltd.; DMFiala Ltd.; F.A.A. Properties, LLC; Good Life Fitness, LLC; Good Life Fitness SW, LLC; Jason Auxier; and LHP, LLC. The law firm alleged that in 2018 and 2019 it entered into engagement agreements with the defendants to render legal services and representation in connection with various proceedings and claims in Nebraska. The law firm alleged that it provided services and incurred costs consistent with the

- 1 -

agreements and that the defendants failed to fully pay for such fees and costs as agreed upon. The law firm sought recovery of $39,993.33, plus pre and post judgment interest. An answer was filed through counsel on behalf of all of the defendants in which various affirmative defenses were raised.

In May 2022, the law firm filed a motion for summary judgment, along with an evidence index, an annotated statement of undisputed facts, and the affidavit of Kathleen M. Foster, a partner at the law firm. The affidavit attached law firm invoices as exhibits. Thereafter, counsel for the defendants withdrew from representation. The motion for summary judgment was set for hearing on June 3; at that hearing, Fiala, individually and self-represented, appeared and requested a continuance in order to obtain counsel. The court granted the request over the law firm's objection and the hearing was continued to July 8.

Kathleen M. Foster filed an amended affidavit on June 7, 2022. On July 5 and 7, David Fiala, self-represented, filed affidavits in response to the motion for summary judgment. At the continued hearing held on July 8, Fiala again moved to continue the hearing. The county court granted the motion, over the law firm's objection, and set the continued hearing for August 12. On August 11, Fiala filed a motion to continue. At the hearing on August 12, both Fiala and Auxier appeared as self-represented parties; the remaining defendants did not appear. The court overruled Fiala's motion to continue, and overruled Fiala's motion to strike the motion for summary judgment. The court received as exhibits the complaint and answer, the amended affidavit of Kathleen M. Foster, the law firm's annotated statement of undisputed facts, and Fiala's two affidavits. The court took the matter under advisement.

On October 4, 2022, the county court entered an order sustaining the motion for summary judgment. The court first recognized that Fiala and Auxier appeared as self-represented litigants, that they were not attorneys licensed to practice law, and that they were not representing the remaining defendants. The court found that the exhibits established that each of the named defendants entered into a contractual agreement for the law firm to provide legal services to the defendants, that legal services were provided, and that there is due and owing on the account the principal amount of $32,196.33. The court found that the foregoing evidence was sufficient to establish a prima facie case for summary judgment. The court found that Fiala's affidavits failed to show that legal services claimed by the law firm were not provided to the defendants, but rather show that Fiala was dissatisfied with these services and the law firm's failure to follow his directives. The court found it uncontroverted that the law firm provided services pursuant to the contractual agreement, that there is an amount due and owing on that account owed by the defendants, and that Fiala and Auxier failed to produce evidence showing the existence of a material issue of fact that prevented judgment as a matter of law. The court entered judgment against all of the defendants in the sum of $32,196.33, plus $3,874.34 in prejudgment interest, court costs of $155.77, and statutory post-judgment interest of 4.5670 percent on the unpaid balance.

Pursuant to a Notice of Limited Appearance, an attorney filed a notice of appeal on behalf of all the defendants. A hearing was held in the district court on February 13, 2023, and an order was entered on March 31. Fiala and Auxier appeared as self-represented parties. The court noted that the remainder of the defendants are business entities and that no counsel appeared for those entities. The district court reviewed the record from the county court and considered oral

arguments. The court found no error appearing on the record and affirmed the county court judgment.

Fiala appeals and remains self-represented. No other defendants appealed the decision of the district court.

## ASSIGNMENTS OF ERROR

Fiala's brief contains 10 assignments of error. As summarized, Fiala claims that there was not sufficient evidence (1) to prove a duty for every defendant, (2) to establish work done was actual necessary work, (3) to establish joint and several liability of all defendants, (4) and to prove that the law firm performed the requested work, what work was done, and the value of the legal work. Fiala also claims that (5) contested material facts remain upon the development of needed discovery, (6) he was denied an opportunity to be heard upon the merits, and (7) the grant of summary judgment was punitive in nature due to lack of counsel.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Callahan v. Brant*, 314 Neb. 219, 990 N.W.2d 1 (2023).

## ANALYSIS

Fiala's brief does not contain a summary of the argument, under appropriate headings, and does not present each question separately, along with each proposition of law to support the arguments, as required by Neb. Ct. R. App. P. § 2-109(D)(1)(h). The only proposition of law contained in Fiala's brief is that he was deprived of substantive and procedural due process guaranteed by the 5th and 14th Amendments to the Constitution. He goes on to assert that due process requires an opportunity to confront and cross-examine adverse witnesses, however, he cites no caselaw in support of the proposition. In his "Statement of Facts" section, Fiala asserts that he is a manager and owner of the corporate entities but he is being held personally responsible for claims against the entities. He then asserts that he needed more time to hire legal counsel "for the facts and evidence to come to light to support any judgment." Brief for appellant at 8.

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting error to be considered by an appellate court. See *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020). Accordingly, we will only consider whether Fiala was deprived of due process in connection with the entry of summary judgment in favor of the law firm.

When a person has a right to be heard, procedural due process includes notice to the person whose right is affected by a proceeding, that is, timely notice reasonably calculated to inform the

person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker. *Robinson v. Morrill Cty. Sch. Dist. #63*, 299 Neb. 740, 910 N.W.2d 752 (2018).

Here, Fiala was clearly given notice at every stage of the proceedings. Through counsel he was able to answer the complaint. Although self-represented following the filing of the motion for summary judgment, he was notified of the summary judgment proceedings and appeared at the hearings. The county court granted Fiala two continuances in order to allow him additional time to secure counsel. Fiala was present at the hearing at which the summary judgment motion was heard and he was able to present evidence in response to the law firm's motion. Fiala was not denied due process and this claim fails.

Having reviewed the balance of the record, we find no plain error in the county court's entry of summary judgment in favor of the law firm and against Fiala. We affirm the order of the district court, which affirmed the county court's summary judgment.

CONCLUSION

The county court did not err in granting summary judgment in favor of the law firm. The district court's order, affirming the county court's order, is affirmed.

AFFIRMED.